The People of the State of Illinois, Plaintiff-Appellee, v. Earl Kraft, Defendant-Appellant.

Gen. No. 67–6.

Second District.

July 21, 1967.

Knight, Ingrassia and Schirger, of Rockford, for appellant.

Dexter A. Knowlton, State's Attorney of Stephenson County, of Freeport, and Woodruff A. Burt, Assistant State's Attorney, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant appeals from a judgment of the Circuit Court of Stephenson County, based on a jury verdict, which found him guilty of a violation of the Illinois Rabies Control Act and imposed a fine in the sum of $100, the maximum penalty provided by the Act.

Section 5 of the Rabies Control Act (Ill Rev Stats, 1965, c 8, § 23 (i) ) provides in part as follows:

"Each calendar year, or at such intervals as may hereafter be promulgated by the Department, every owner of a dog, 4 months or more of age not confined at all times to an enclosed area, shall cause such dog to be inoculated against rabies by the Rabies Inspector, or by his deputy, or by any licensed veterinarian . . ."

Section 13 provides that a fine for the violation of the Act shall be not less than $25 nor more than $100.

Although several points are raised as possible grounds for reversal, we shall concern ourselves only with that portion of the Act that we have quoted.

Three witnesses testified for the State. A deputy from the County Rabies Inspector's office stated that he visited the defendant's farm on June 9, 1965, to inquire if their dog had been inoculated. He talked to a teenage daughter of the defendant at the farm house and learned that their dog had never been inoculated although it was over six years old. While he was speaking with the girl he heard a dog barking but did not see a dog or the defendant. He gave the girl a ticket that provided that the dog would have to be inoculated within 10 days.

The County Rabies Inspector and Veterinarian testified that he also visited the defendant's farm around the 7th of July as a routine procedure when the defendant failed to comply with the ticket. He also talked with the daughter and during his conversation he heard a dog barking but did not see it. The sounds of the barking, he stated, came from "outside the house in the yard towards the barn."

Marcine Kraft, the daughter of the defendant, testified that it was her dog and had never been inoculated.

She further stated that the dog was kept in an old woodshed adjoining the barn behind the house. The shed had no door and could only be entered through a window about two to two and a half feet above the ground. The dog was tied by a chain to a wall in the back of the shed and, according to the girl, had never in its entire life been off the chain or out of the shed. The dog was fed by members of her family through the window which had no glass or other covering.

At the conclusion of this testimony, the defendant moved for a directed verdict. The motion was denied and when no defense was offered the jury returned a verdict of guilty and judgment was entered from which this appeal is prosecuted.

The defendant urges that the evidence thus adduced shows that his dog was "confined at all times to an enclosed area" and was therefore not subject to annual inoculation. The State, on the other hand, takes a position that the shed, as described by the girl, was not an "enclosure" as that term is used in the Rabies Control Act since the window had no covering and afforded access to the shed for all who chose to enter. The County Veterinarian testified that rabies was transmitted by numerous small animals that presumably could have entered the shed and passed the disease to the dog chained to the wall.

The term "enclosed area" as used in this Act has not previously been subject to judicial review. An "enclosure" has been defined as "something that encompasses, surrounds, shuts or fences in . . ." as it applies to an act relating to the prohibition of gambling devices. People v. McDonald, 26 Ill2d 325, 330, 186 NE2d 303. The State urges that the title of the Rabies Control Act, "An act in relation to the control and prevention of rabies . . ." indicates a legislative intent that only those dogs that are entirely isolated from all possible outside contact are relieved of the necessity of annual

inoculation. We cannot agree with such a severe interpretation.

A shed, with four walls, a floor and a roof, is obviously an "enclosed area" in any ordinary definition of that term. That the dog was confined to the shed is beyond argument since the only evidence on that point was that it was permanently chained to the wall. To accept the argument of the State would require that all dogs be annually inoculated unless they were permanently isolated from all possible contact.

 If the Legislature had intended such a narrow exception to the requirement of inoculation it clearly would not have employed a term as broad as "enclosed area." Ordinarily, words or terms used in statutes must be given their ordinary and plain meaning unless such construction will obviously defeat the intention of the Legislature. Droste v. Kerner, 34 Ill2d 495, 503, 217 NE2d 73; Nelson v. Union Wire Rope Corp., 31 Ill2d 69, 100, 199 NE2d 769. We are unable to construe the term "enclosed area" to mean, for all practical purposes, a permanent quarantine.

 We therefore conclude that the only evidence before the trial court indicated that the defendant's dog was "confined at all times to an enclosed area" and was not subject to annual inoculation. The motion for a directed verdict at the close of the State's case was improperly denied.

Reversed.

DAVIS, P. J. and MORAN, J., concur.