The People of the State of Illinois, Plaintiff-Appellee, *v.* Willie Taylor, Defendant-Appellant.

(No. 60334;

First District (4th Division)—April 23, 1975.

James J. Doherty, Public Defender, of Chicago (Gail Moreland and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Rea Markin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Willie Taylor, was found guilty in a bench trial of carrying a concealed weapon and was sentenced to the Department of Corrections for 90 days. On appeal defendant contends he was not properly convicted of carrying a concealed weapon when the prosecution failed to establish beyond a reasonable doubt that the act did not occur in the defendant's abode.

On March 29, 1973, Alvia Maxwell, a Chicago policeman, received a message over his car radio to proceed to 6955 S. Normal. One Juanita Hope was the complainant. When Maxwell arrived, Juanita's son led him upstairs. Upon entering the apartment, Maxwell found defendant asleep on a couch. Officer Maxwell asked defendant if he had a gun. Upon re-

ceiving an affirmative response, the officer reached into defendant's pocket and removed the weapon. The tenant at 6955 S. Normal was Marie Thomas, a girlfriend of the defendant.

Defendant contends on appeal that the State failed to prove beyond a reasonable doubt that he was not in his own abode at the time of the occurrence.

Section 24—1(a) of the Criminal Code states:

"(a) A person commits the offense of unlawful use of weapons when he knowingly: * * * (4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm; * * *." Ill. Rev. Stat., 1969, ch. 38, par. 24—1 (a)(4).

■■ Necessary to our determination in this case is an inquiry into the meaning of the word "abode" as used in the statute. Defendant contends that abode should be defined as an individual's own living quarters, "however transient they may be." The State counters that "abode" should be equated with "dwelling" or "residence." We know of no Illinois case wherein "abode" as used in the criminal statute has been defined. It is well settled that words used in statutes should be given their plain and ordinary meaning so long as such a construction is in conformity with the intent of the legislature. (*People v. Kraft*, 85 Ill.App.2d 435, 228 N.E. 2d 738.) We believe "abode" as used in section 24—1(a)(4) was intended by our legislature to exempt from the statutory prohibition an individual in his overnight living quarters. If the legislative intent had been to exempt an individual while in his "dwelling" or "residence," such language would have been used. In fact, "dwelling" is clearly defined in section 2—6 of the Criminal Code. The legislature would not clearly define a term, only later to use a synonym for it. As for the term "residence," it has been construed by the Illinois Supreme Court, as used in an election statute, to be the equivalent of the term "permanent abode." (*Clark v. Quick*, 377 Ill. 424, 36 N.E.2d 563.) We believe that if "abode" and "residence" were intended to be equivalent terms, the legislature would have used "permanent" or "fixed" before the term "abode." Furthermore, section 24—1(a)(4) provides as an additional statutory exemption, an individual's "fixed place of business." The clear inference is that the legislature would have used "fixed abode" or "permanent abode" if "residence" were an intended synonym.

■■ Defendant contends that the State failed to prove beyond a reasonable doubt that he did not fall within the statutory exemption. It is axiomatic that the State must prove all essential facts beyond a reasonable doubt. Additionally, it is well settled that we will not disturb the

findings of the trier of fact and substitute our own conclusions unless the proof is so unsatisfactory as to justify a reasonable doubt of defendant's guilt. After a careful examination of the record, we cannot say that the conclusion of the trial court is warranted.

On direct examination defendant, Willie Taylor, testified that at the time of his arrest, he was living at 6955 S. Normal the place of the occurrence. On cross-examination of the defendant, the transcript reveals the following:

"Q. Did you live in that apartment at 6955 South Normal?

A. Well, off and on, yes, I had because I had clothes there.

Q. You had no other place where you had any other of your own goods?

A. No."

Taylor's testimony on this point was never impeached. Officer Maxwell testified that he did not check to see if Taylor's clothes were in the apartment. Officer Maxwell did testify that the defendant, when asked if he lived at 6955 S. Normal, responded that he did not. The officer further testified that when he asked the defendant where he lived the defendant responded that it was "10455 S. Maryland." This court believes that when a citizen is asked where he lives by a police officer, a reasonable response by the citizen would be his permanent address. An individual may maintain one address and stay at another. The State presented no other evidence going to the question of whether defendant was in his abode at the time of his arrest.

The decision of the trial court must therefore be reversed.

Judgment reversed.

DIERINGER, P. J., and JOHNSON, J., concur.