THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN McCLURE, Defendant-Appellant.

First District (3rd Division)   No. 62615

Opinion filed November 18, 1976.

James Geis and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Michael D. Melber, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, John McClure, was charged with unlawful use of weapons, failure to carry a firearm owner's registration card in violation of State statute, failure to produce a City of Chicago registration card, and failure to register for a city registration card. After a trial without a jury, he was found guilty of the first three charges, and was acquitted on the city registration charge. He was placed on probation for one year, the first 30 days in jail, and was fined $100. On appeal defendant contends that the trial court erred in failing to suppress defendant's custodial statements; that he was not proved guilty of unlawful use of weapons; and that he was improperly convicted of violating the ordinance requiring production of a firearms registration card. He also argues that the cumulative effect of the sentence and fine was excessive.

Defendant's initial contention is that the trial court erred in denying his motion to suppress his statements on the grounds that the State failed to establish that defendant had been given his *Miranda* warnings prior to his making the statements.

Prior to trial, defense counsel made an oral motion to suppress defendant's statements for failure to give *Miranda* warnings. After a colloquy between court and counsel, the trial court held that defendant had to produce some evidence as to the involuntariness of the statements.

Defendant testified that four police officers entered certain premises in the City of Chicago. He stated that he made certain statements regarding the ownership of a weapon prior to being advised of his constitutional rights. When informed of his rights, he remained silent. Although defendant was the only witness to testify at the hearing on the motion, the trial court denied the motion to suppress the statements on the grounds that there was no showing that the statements were not voluntarily made.

At trial Officer Robert Pikarski of the Chicago Police Department testified that three other officers and he entered certain premises in the City of Chicago looking for defendant. The witness observed a shotgun leaning against the wall and defendant standing alongside the bed. While the witness unloaded the shotgun, Officer Lewis read defendant his *Miranda* warnings. Defendant indicated that he understood those rights. The witness then asked a question as to the ownership of the gun. Defendant admitted that it was his and that he did not have a firearm owner's registration card. Defendant refused to answer questions about certain recent homicides. Officer Lewis was not in court. Officer Dennis Malloy was called as a defense witness at trial. He testified that he entered the premises in question with the other officers. Upon their entry, Malloy heard Officer Lewis read his constitutional rights to defendant. Thereafter, defendant responded to Officer Pikarski who asked defendant about ownership of the gun. Defendant stated that it was his gun.

During his testimony at trial, defendant at first stated that he was not advised of his constitutional rights until after he admitted ownership of the gun. He then contradicted himself and twice stated under examination by his own attorney that he gave the statements after he was advised of his constitutional rights.

The burden of proving that a statement made by defendant is voluntary is on the State. (Ill. Rev. Stat. 1973, ch. 38, par. 114—11(d); *Lego v. Twomey* (1972), 404 U.S. 477, 30 L. Ed. 2d 618, 92 S. Ct. 619.) When a defendant testifies without contradiction at a motion to suppress that his statements were obtained prior to his being given *Miranda* warnings, the motion to suppress should be sustained. (*People v. Peck* (1974), 18 Ill. App. 3d 112, 309 N.E.2d 346.) However, a reviewing court should consider all the evidence, introduced both at the hearing on the motion and at trial, to determine whether the trial court properly admitted the statements into evidence. See *People v. La Bostrie* (1958), 14 Ill. 2d 617, 153 N.E.2d 570; *People v. Hudson* (1968), 38 Ill. 2d 616, 233 N.E.2d 403; *People v. Braden* (1966), 34 Ill. 2d 516, 216 N.E.2d 808.

■■ In the present case, the trial court committed error in denying defendant's motion to suppress his statements after defendant testified without contradiction at the hearing that the statements were obtained

without the police officers having advised him of his constitutional rights. However, the testimony adduced at trial clearly demonstrates that defendant had been given his warnings prior to the taking of any statements. Not only did the two police officers so testify, but defendant himself under examination by his own counsel admitted that he had been so advised before he gave the oral statements. The error committed by the trial court in denying the motion to suppress the statements at the time of the hearing was cured by the convincing trial testimony that defendant had been given timely advice of his constitutional rights.

■■ The second part of defendant's argument that the trial court committed error in refusing to suppress his statements is based on the fact that the State did not call as witnesses all four officers who were present at the giving of the statements. The State must produce all material witnesses connected with the taking of a statement or a confession or explain their absence when it is contended that the defendant was beaten or otherwise coerced into making a confession. (*People v. Armstrong* (1972), 51 Ill. 2d 471, 282 N.E.2d 712.) However, that rule does not apply when, as here, the motion to suppress is predicated upon the failure to give defendant his *Miranda* warnings. (*People v. Richardson* (1974), 21 Ill. App. 3d 859, 316 N.E.2d 37.) Consequently in the present case, there was no need for the prosecution to produce all the witnesses present at the taking of defendant's statements.

Defendant next maintains that he was not proved guilty of unlawful use of weapons because he fell within the exempt status of the statute. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10).) The statute specifically exempts from its provisions anyone who is in possession of a weapon in his own abode.

Officer Pikarski testified that on July 5, 1975 at about 1:45 p.m., he and the other officers entered apartment 103 at 744 East Bowen in Chicago. He observed defendant standing in his shorts alongside a bed. The officer stated that defendant subsequently donned the clothes hung over a nearby chair. The officer noticed no other men's clothing in the apartment. He did not search the apartment thoroughly. Defendant told the officers that he lived in apartment 126 but was staying with his girlfriend in apartment 103.

■■ In the present case, defendant, when asked, stated that he lived in apartment 126. He was arrested in apartment 103 and, according to the officer, the clothes he had with him were the only evidence of a man's clothing in apartment 103. Clearly, defendant was not arrested in his own abode. In that regard, defendant's reliance on *People v. Taylor* (1975), 28 Ill. App. 3d 186, 328 N.E.2d 325, is misplaced. In that case, the evidence disclosed that defendant lived at the apartment in question on a part time basis, and kept his clothes at that apartment. The present defendant did

not fall within the exempt status and was proved guilty of unlawful use of weapons.

Defendant also contends that the trial court erred in finding him guilty of violating the city ordinance requiring the production of a city firearm owner's registration card. (Chicago Municipal Code, ch. 11, §1—8.) He argues that, since at the time of his arrest he was not physically carrying his shotgun, he was not required to show his registration card.

■■ The prosecution adduced testimony that defendant admitted that the shotgun was his and that he did not have a registration card. The ordinance applies to both carrying and possession of a gun. The shotgun was in defendant's possession, and he was proved guilty of the ordinance violation.

Defendant finally contends that the sentence imposed was excessive. Defendant was sentenced to one year probation, with 30 days in custody, and was fined $100.

■■ In aggravation, the State offered evidence that defendant previously had been fined for resisting arrest; had been sentenced to jail for 51 days for criminal damage to property; had received 45 days in jail for possession of marijuana; and had been placed on probation once before. In mitigation, defense counsel stated that the defendant had provided the State with valuable information regarding a homicide investigation. The prosecutor replied that he had no information regarding defendant's cooperation with the State. In view of the nature of the charges and defendant's past criminal history, the sentence imposed was not excessive.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MEJDA, P. J., and McGLOON, J., concur.