THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOLITA ANDERSON, Defendant-Appellant.

First District (4th Division)   No. 82—1198

Opinion filed September 1, 1983.

Dennis A. Giovannini and Herbert L. Goldberg, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Michele A. Grimaldi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Lolita Anderson, appeals her conviction for unlawful use of a weapon (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(10)) and raises the following issue for review: whether she was proved guilty beyond a reasonable doubt of possessing a weapon while not on her land, or in her own abode or fixed place of business.

We reverse.

At trial, George Lipinski, a Chicago policeman, testified that on January 8, 1982, at 3 p.m., he received a radio message. He went to a third-floor apartment at 4532 South Indiana Avenue in Chicago, Illinois, and talked with Darlene Murphy, the complaining witness. Then he went to an apartment at 4534 South Indiana Avenue and talked with a tenant named Gary Elston. After he entered Elston's apartment, Lipinski saw defendant and arrested her. After searching defendant, Lipinski discovered a loaded .38-caliber revolver.

Darlene Murphy, the complainant, testified that she lived in a third floor apartment at 4532 South Indiana Avenue in Chicago. At about 3 p.m. on January 8, 1982, the janitor entered Murphy's apartment to distribute mail, and defendant was with him. After the janitor left, Murphy and defendant had a conversation. When defendant said she wanted to "party," Murphy said she was not interested. Defendant pulled out a gun and said, "B, I can kill you if I want to." After more conversation, defendant put away the gun and then left. Murphy called the police.

Gary Elston testified that on January 8, 1982, he lived alone in a third-floor apartment at 4534 South Indiana Avenue.

The prosecution introduced a certified statement of defendant's conviction of voluntary manslaughter on May 10, 1978. Defendant had been paroled on November 21, 1979.

The defense rested without presenting any witnesses. The trial court found defendant guilty of unlawful possession of a loaded revolver and sentenced her to two years. This offense occurred within five years of her release for a felony conviction. (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(b).) Defendant appeals.

Defendant was convicted of violating the provision of the unlawful use of weapons statute which provides as follows:

"A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver, stun gun or taser or other firearm; ***." Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(10).

To prove defendant guilty beyond a reasonable doubt of unlawful possession of a weapon, the People had to prove that defendant was in possession of the revolver and not on her land, in her own abode or fixed place of business. (*Cf. People v. Chmilenko* (1976), 44 Ill. App. 3d 1060, 358 N.E.2d 1247, discussion of similar language in Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4).) The complaining witness and Officer Lipinski testified that defendant was in possession of the revolver. The complaining witness testified as to where she lived and Elston testified that he lived alone, thus establishing the defendant was not in her own abode. However, no evidence was introduced which proved that defendant was not on her own land or fixed place of business.

The burden is on the prosecution in a criminal case to establish beyond a reasonable doubt not only a defendant's guilt but also the essential elements of the crime. (*People v. Sanford* (1962), 24 Ill. 2d 365, 368, 181 N.E.2d 118, 119.) In the case at bar, the prosecution did not meet its burden; thus, the judgment of conviction cannot stand. We hold that defendant was not proved guilty beyond a reasonable doubt of unlawful possession of a weapon.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

ROMITI, P.J., and LINN, J., concur.