THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY J. LAUBSCHER, Defendant-Appellant.

Fourth District    No. 4—96—0457

Argued December 5, 1996.—Opinion filed May 28, 1997.

Andrea Georgelos (argued), of Lerner & Kirchner, of Champaign, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman (argued), and Leslie Hairston, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On March 12, 1996, following a bench trial in the circuit court of Champaign County, defendant Anthony J. Laubscher was convicted of unlawful use of weapons (720 ILCS 5/24—1(a)(4) (West 1994)) and

aggravated assault (720 ILCS 5/12—2(a)(1) (West 1994)). The trial court sentenced defendant to concurrent terms of two years' probation on each count. Defendant appeals, contending his conviction of unlawful use of weapons is against the manifest weight of the evidence. We agree and reverse.

At trial, Chris Darvin testified he observed an argument on September 10, 1995. He saw defendant arguing with two young males, no older than 16 or 17, on the lawn area of an apartment complex where Darvin resided. Darvin did not hear the entire argument, but did hear defendant yell, "If you have a problem with it, I got something for you." Darvin approached the three and stood between one of the young males and defendant. Defendant told Darvin to stand back. Defendant looked at Darvin a couple of times but concentrated on the two young males. Darvin concluded he was not going to break up the argument, so he backed away. As he backed away, Darvin observed a gun protruding from defendant's waistband. Darvin could see the pistol grip to the firing mechanism. When Darvin noticed the gun, he was 7 to 10 feet from defendant. Darvin then removed the weapon from defendant's waistband.

During this time, it was dark outside, but most of the lights were on in the eight-unit apartment building. Defendant's shirt was tucked into his blue jeans. Darvin had not seen defendant at the apartment complex prior to the incident but had seen defendant there since then. Other testimony established defendant resided at the apartment complex where the incident occurred and the weapon he carried was loaded. Defendant presented no evidence.

The trial court concluded the handgun was a concealed weapon and was intended to be concealed. The trial court emphasized Darvin failed to notice the gun as he approached the three individuals and while he was standing among them. In addition, the trial court concluded the State negated the statutory exceptions. The trial court noted testimony showed the incident occurred on a public area of the apartment complex. From this the trial court concluded the land could not be owned by defendant or be his abode. The trial court concluded defendant was not at his personal place of business from testimony the incident occurred on a grassy area.

Following the trial court's denial of his post-trial motion, defendant filed a notice of appeal. On appeal, defendant first contends the uncontradicted evidence failed to establish he was carrying a concealed weapon.

■ Section 24—1(a)(4) of the Criminal Code of 1961 (Code) provides the following:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

* * *

(4) Carries or possesses *** concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm[.]" 720 ILCS 5/24—1(a)(4) (West 1994).

The statute requires only that the weapon be concealed from ordinary observation, not that it be carried in a manner giving no notice of its presence. *People v. Gokey*, 57 Ill. 2d 433, 437, 312 N.E.2d 637, 639 (1974), citing *People v. Euctice*, 371 Ill. 159, 162, 20 N.E.2d 83, 85 (1939). Given the circumstances of the case, whether defendant's weapon was concealed from ordinary observation is an interesting question. Even though it was dark, Darvin noticed a substantial portion of the handgun protruding from defendant's waistband and immediately recognized it as a handgun from 7 to 10 feet away. It is a question we need not resolve, because the State failed to prove the requisite elements of the unlawful use of weapons offense beyond a reasonable doubt.

■ Defendant cites *People v. Anderson*, 117 Ill. App. 3d 806, 454 N.E.2d 34 (1983), and argues the State had the burden of negating the exceptions within section 24—1(a)(4) of the Code. The State, in its brief, apparently contends defendant had the burden:

"[T]here was no need for the State to prove that the defendant was not the owner of the apartment complex or the land. *Nor was there any evidence* suggesting that the defendant was conducting business on the front lawn when the incident occurred, *thus dismissing the need to present such evidence at trial.*" (Emphasis added.)

We agree with the first district view stated in *Anderson* and *People v. Chmilenko*, 44 Ill. App. 3d 1060, 1062, 358 N.E.2d 1247, 1249 (1976): the exceptions in section 24—1(a)(4) of the Code are a part of the substantive definition of the offense and are elements that must be negated by the State beyond a reasonable doubt in order to sustain defendant's unlawful use of weapons conviction. The issues instruction for the offense sets forth the exceptions as the second point to be proved as the offense was charged. See Illinois Pattern Jury Instructions, Criminal, No. 18.02, at 10 (3d ed. 1992).

■ Defendant argues the record shows the State made no effort to negate the statutory exceptions. The State may meet its burden of proof through reasonable inferences from the evidence presented. See, *e.g.*, *People v. Navarrete*, 258 Ill. App. 3d 39, 44, 629 N.E.2d 742, 745 (1994) (on a reasonable doubt challenge the first district found the prosecution met its burden, where an officer testified his investigation revealed defendant's address was not 1802 South All-

port Street (thus establishing defendant was not in his own abode) and defendant was unemployed (precluding any possibility he was at his fixed place of business); the court, however, made no express finding defendant was not on his own land); *People v. Proctor*, 85 Ill. App. 3d 190, 196, 406 N.E.2d 570, 574-75 (1980) (third district stated "defendant testified that he lived in West Peoria and worked as a maintenance person for King's Park Mobile Estates. It *** seems to be a reasonable inference that the defendant was not the owner of the 801 Club").

In this case, the record shows defendant lived in the apartment building on which property the incident occurred, and the apartment building had eight apartments. The record also shows the State cited *People v. Wilson*, 29 Ill. App. 3d 1033, 1036, 332 N.E.2d 6, 9 (1975), which found "[p]ublic areas in an apartment building to which tenants and invitees have access are not the 'abode' of any tenant."

There is nothing in the record indicating the land is publicly owned. The trial court must have relied upon *Wilson* and Darvin's testimony that the area upon which the argument occurred is a common area used by tenants and invitees to conclude the State negated the "on his land" exception. In *Wilson*, however, the first district labeled areas of apartment buildings as public for the purpose of negating the "abode" exception. *Wilson*, 29 Ill. App. 3d at 1036, 332 N.E.2d at 9 (and cases cited therein). Nothing on the record justifies the trial court's apparent conclusion an area of an apartment deemed public for the purpose of negating the "abode" exception should also be deemed publicly owned for the purpose of negating the "on his land" exception.

Although it is not unreasonable for the State and the trial court to *assume* defendant did not own the apartment complex, allowing the court to draw an inference from that assumption has the effect of turning the statute's exception into a defense. This would improperly shift the burden of proof to defendant. Although it is probable defendant did not own the land, we find the evidence is not sufficient to negate that exception, a requisite element of the offense, beyond a reasonable doubt. We disagree with such cases as *Navarrete* and *Proctor* insofar as they permit the trier of fact to infer the negation of this element from the *absence* of evidence on it. We thus reverse defendant's unlawful use of weapons conviction.

Reversed.

McCULLOUGH and GREEN, JJ., concur.