THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARC M. HAYES, Defendant-Appellant.

Second District    No. 2—98—0632

Opinion filed October 20, 1999.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and David N. Rechenberg, of Law Offices of David N. Rechenberg, of Hebron, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and David A. Hibben, of Chicago, for the People.

JUSTICE McLAREN delivered the opinion of the court:

A jury found defendant, Marc M. Hayes, guilty of unlawful use of weapons (720 ILCS 5/24—1(a)(4) (West 1996)) and possession of a weapon without a firearm owner's identification (FOID) card (430 ILCS 65/2(a)(1) (West 1996)). The trial court sentenced defendant to 21 days' periodic imprisonment and 24 months' probation for the unlawful use of weapons conviction. The trial court imposed an identical concurrent sentence for defendant's FOID card violation. On appeal, defendant challenges his unlawful use of weapons conviction, arguing that the State failed to prove beyond a reasonable doubt that defendant was not on his property at the time of the arrest. We agree, and we reverse defendant's unlawful use of weapons conviction. Defendant does not challenge his conviction of the FOID card violation.

The parties do not dispute the relevant facts. The record reveals that on the night of May 27, 1997, defendant was inside his detached garage, which faced an alley. When he heard a person attempt to open the garage door, defendant placed a .45-caliber handgun in his rear waistband and a .22-caliber handgun in his front pants pocket. Defendant confronted the intruder outside the garage and fired a warning shot as the intruder approached.

While working in his office nearby, Fran Kammes heard the warn-

ing shot and entered the alley to investigate. Kammes saw defendant holding a gun and standing in the center of the alley near a person who was lying facedown. The person on the ground told Kammes that he tried to enter Kammes' building because he was looking for someone. Kammes told defendant to call the police after he noticed that the man was intoxicated. Defendant handed the gun to Kammes, retrieved handcuffs from his house, and handcuffed the person on the ground. Defendant testified that he had suffered property damage and theft 5 or 6 times during the past 2½ years, and he did not believe the police regularly patrolled the alley.

West Chicago police officers Christian Davidson, Julio Calabrese, and Michael Rosenwinkel learned that a shot had been fired and went to the alley. When Calabrese entered the alley, he ordered defendant to lie on the ground, and defendant complied. As Davidson handcuffed defendant, he saw a .45-caliber handgun in defendant's rear waistband. Davidson searched defendant and seized the two loaded handguns. Calabrese and Rosenwinkel carried the handcuffed intruder to a patrol car. The man had urinated in his pants and was so intoxicated that he could not walk.

Davidson testified that he thought the alley was open to the public but acknowledged that the alley was only 10 to 15 feet wide. While testifying, Davidson and Calabrese referred to the alley as "Tye Court." The Kammes real estate office and several other businesses abutted the alley, and people often walked or drove down the alley. The parties presented no evidence of whether defendant owned any part of the alley. Defendant concedes that he did not possess a valid FOID card at the time of the arrest.

On appeal, defendant first argues that he is entitled to a reversal of his unlawful use of weapons conviction because the State failed to prove beyond a reasonable doubt that he was not on his property when he possessed the handguns in the alley. Defendant also argues that he acted out of necessity when he carried the weapons into the alley to confront the intruder. We agree with defendant that the State failed to introduce sufficient evidence. Because we reverse defendant's unlawful use of weapons conviction based on the insufficiency of the evidence, we need not address defendant's necessity defense.

■■ ■ When a defendant challenges the sufficiency of the evidence, a reviewing court will reverse the conviction only if, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Smith*, 185 Ill. 2d 532, 541 (1999). To convict a defendant of unlawful use of weapons, the State must prove beyond a reasonable doubt that the defendant was not on his

land or in his abode or place of business. *People v. Laubscher*, 183 Ill. 2d 330, 335 (1998). Defendant concedes that he was not in his abode or place of business but argues that the State failed to prove that he was off his land at the time of the arrest. Section 24—1(a)(4) provides in relevant part:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

* * *

(4) Carries or possesses *** concealed on or about his person *except when on his land or in his own abode or fixed place of business* any pistol, revolver, stun gun or taser or other firearm[.]" (Emphasis added.) 720 ILCS 5/24—1(a)(4) (West 1996).

In *Laubscher*, the defendant and the complainant lived in different units in an apartment building. Residents routinely crossed an unenclosed lawn on their way into the building. While on the lawn, the complainant attempted to stop an argument between the defendant and two individuals. The complainant seized a .45-caliber handgun from the defendant's rear waistband, and the defendant was arrested. The State introduced no evidence of the defendant's interest in his apartment or the surrounding land. The State merely asserted that the defendant "lived in the building." *Laubscher*, 183 Ill. 2d at 336.

The supreme court affirmed the appellate court's reversal of the defendant's unlawful use of weapons conviction. The court concluded that, although the trial court reasonably assumed that defendant had no ownership interest in the premises, permitting such an inference without an evidentiary basis would improperly shift the burden to defendant to prove that he was on his land. *Laubscher*, 183 Ill. 2d at 336. In this case, the State similarly failed to introduce evidence of defendant's ownership interest in the alley. As the trier of fact, the jury improperly inferred the negation of the "on his land" exception from the absence of evidence regarding it. See *Laubscher*, 183 Ill. 2d at 336.

■ The State argues that, even if defendant owned the part of the alley where he was arrested, defendant may not invoke the "on his land" exception because the alley was readily accessible to the public. Section 24—1(a)(4) explicitly excepts from culpability a defendant carrying a weapon on land over which he enjoys an ownership interest. *Laubscher*, 183 Ill. 2d at 337. When determining whether a defendant was "on his land" pursuant to section 24—1(a)(4), a jury may not consider the exclusivity of the defendant's possession or the degree of public access he permits. *Laubscher*, 183 Ill. 2d at 337. We reverse

defendant's unlawful use of weapons conviction because the State failed to prove beyond a reasonable doubt that defendant was not on his land when he possessed the handguns in the alley. See *Laubscher*, 183 Ill. 2d at 337. We reach no conclusion about whether the handguns were "concealed" pursuant to section 24—1(a)(4) because we reverse defendant's conviction on other grounds. See *People v. Laubscher*, 288 Ill. App. 3d 438, 440 (1997).

Defendant argues that, even if the State proved the essential elements of unlawful use of weapons beyond a reasonable doubt, his conviction should be reversed because he acted out of necessity when he carried the weapons into the alley. Because the State's failure to prove defendant guilty beyond a reasonable doubt warrants a reversal, we need not address defendant's necessity defense.

For these reasons, defendant's unlawful use of weapons conviction is reversed, and defendant's FOID card conviction is affirmed.

Affirmed in part and reversed in part.

INGLIS and GEIGER, JJ., concur.