2019 IL App (1st) 173024-U

No. 1-17-3024

Order filed December 31, 2019

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 15072 |
| | ) | |
| HERSCHEL JORDAN, | ) | Honorable |
| | ) | Thaddeus L. Wilson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Ellis and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's conviction for aggravated unlawful use of a weapon is affirmed where the trial court reasonably inferred he was not on his own land, abode, legal dwelling, or fixed place of business when he possessed a firearm.

¶ 2    Following a bench trial, defendant was found guilty of two counts of aggravated unlawful use of a weapon (AUUW). The trial court merged the counts and sentenced defendant to one year's imprisonment. Defendant appeals, arguing the State failed to prove he was not on his own land, abode, legal dwelling, or fixed place of business when the incident occurred. We affirm.

¶ 3 Defendant was charged by indictment with unlawful use of a weapon within 1000 feet of a school (720 ILCS 5/24-1(a)(10), (c)(1.5) (West 2016)) (count I), and two counts of AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5); (a)(2), (a)(3)(A-5) (West 2016)) (counts II and III).

¶ 4 At trial, Chicago police officer Carlos Yanez testified that he and his partner responded to a call near the 6400 block of South Lowe Avenue on September 12, 2016, at approximately 11:47 p.m. Yanez first saw defendant on the west side of the street, on the sidewalk near 6430 South Lowe. Defendant was walking northbound by himself. Yanez asked defendant if he had seen anything. Defendant told Yanez that there was fighting or shooting "down there," and continued to walk north. Yanez observed defendant grab his left side as he walked, and asked defendant to approach the officers. Defendant began to run northbound on the sidewalk, still holding his left side. Yanez and his partner pursued on foot. Yanez saw defendant with a firearm in his left hand. Defendant took 5 to 10 steps and discarded the firearm into the grass adjacent to the sidewalk while turning eastbound on 64th Street. Defendant ran from approximately 6430 to 6408 South Lowe before discarding the firearm, a distance Yanez estimated as "a block." Yanez and his partner apprehended defendant. Yanez then returned to the grassy area and recovered the firearm, which was loaded. The State entered a stipulation that defendant did not possess a valid concealed carry license on the date of the incident.

¶ 5 Defendant moved for a directed verdict on all counts. The trial court granted the motion as to count I, but denied the motion as to counts II and III. The court explained the State "presented evidence that the defendant was in possession of a weapon in the City of Chicago on a public way, not on his own dwelling or fixed place of business, land or abode."

¶ 6 Following closing arguments, the trial court found defendant guilty of counts II and III for AUUW. In so holding, the court reiterated that "defendant was on the public streets in the city of Chicago and not on his own land, or on his own abode, or fixed place of business." The court denied defendant's motion for a new trial. Following a hearing, the court merged count III into count II, and sentenced him to one year's imprisonment on count II. Defendant did not file a motion to reconsider sentence.

¶ 7 Defendant argues on appeal that the State failed to prove an element of AUUW, specifically, that he was not on his own land, or in his abode, legal dwelling, or business when he possessed the firearm. The State contends that the evidence was sufficient to prove this element.

¶ 8 First, we must determine the appropriate standard of review. Defendant argues *de novo* review is proper because the pertinent facts are not in dispute, and only the application of law is at issue. See *People v. Smith*, 191 Ill. 2d 408, 411 (2000) ("Because the facts are not in dispute, defendant's guilt is a question of law, which we review *de novo*."). The State maintains that the sufficiency of the evidence standard applies because the trial court's inferences are at issue. See *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

¶ 9 Yanez's testimony provided details about the area where the incident occurred, from which the court concluded that defendant was on public land, not his own land. Defendant challenges this conclusion. Thus, though there is no dispute as to defendant's location during the incident, his challenge is to the inferences the court drew from the location. The *Jackson* standard of review applies. See *People v. Lattimore*, 2011 IL App (1st) 093238, ¶ 35 ("If divergent inferences could be drawn from undisputed facts, a question of fact remains.").

¶ 10     In *Jackson*, the Supreme Court established the standard of review for sufficiency of the evidence challenges. *Jackson*, 443 U.S. at 318-19. In Illinois, the standard is applicable in all criminal cases. *People v. Cunningham*, 212 Ill. 2d 274, 278-79 (2004). Under *Jackson*, "[a]ll reasonable inferences from the evidence must be drawn in favor of the prosecution." *People v. Hardman*, 2017 IL 121453, ¶ 37. The reviewing court may not substitute its judgment for that of the trier of fact. *People v Sutherland*, 223 Ill. 2d 187, 242 (2006). Reversal is improper "unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). "In weighing evidence, the trier of fact is not required to disregard inferences which flow normally from the evidence before it, nor need it search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt." *People v. Jackson*, 232 Ill. 2d 246, 281 (2009). Circumstantial evidence is sufficient to sustain a conviction. *People v. Milka*, 211 Ill. 2d 150, 178 (2004).

¶ 11     To prove defendant guilty of both counts of AUUW as charged, the State had to show, in relevant part, that defendant knowingly carried a firearm "on or about his or her person *** except on his *** own land or in his *** abode, legal dwelling, or fixed place of business" and did not have a valid concealed carry license. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5); (a)(2), (a)(3)(A-5) (West 2016).

¶ 12     Here, defendant argues that the State did not prove he was not on his own land. The "own land" exception is an element of the offense that the State must disprove beyond a reasonable doubt. *People v. Laubscher*, 183 Ill. 2d 330, 335 (1998). The State may rely on circumstantial evidence in disproving this exception. *Id.* However, some evidence regarding ownership must be supplied from which it would be reasonable to infer a defendant does not have ownership, because

"permitting such an inference without any evidentiary basis would effectively shift the burden to defendant to prove that he was on his land." *Id.* at 336.

¶ 13    In *Laubscher*, the defendant possessed a firearm while on the front lawn of an apartment complex. *Id.* at 333-35. The defendant resided at the complex. *Id.* at 333. The trial court convicted him of unlawful use of a weapon, but the appellate court reversed, ruling the evidence did not prove he was not on his own land. *Id.* at 334-35. The appellate court cited the "complete lack of evidence regarding the nature of defendant's interest in the land encompassing the apartment building." *Id.* at 336. The supreme court affirmed, agreeing "[t]here was no proof of [the defendant's] interest in his unit or the surrounding land, or as to the ownership of the property in general." *Id.*

¶ 14    This court further examined the "own land" exception in *People v. Hayes*, 308 Ill. App. 3d 194 (1999). In *Hayes*, the defendant was arrested in an alley adjacent to his private garage and convicted of unlawful use of a weapon. *Id.* at 195-96. The appellate court reversed his conviction because no evidence established his "ownership interest in the alley." *Id.* at 197. The court rejected the State's argument that the defendant could not qualify for the exception because the alley was open to the public, ruling that "a jury may not consider the exclusivity of the defendant's possession or the degree of public access he permits." *Id.* at 197-98.

¶ 15    Turning to the present case, we find that the trial court reasonably inferred defendant was not on his own land while in possession of the firearm. There is no dispute that defendant was on a sidewalk when officers first observed him, and then ran north on that sidewalk from approximately 6430 to 6408 South Lowe. The trial court found that defendant was on a "public

way" and "public street," and thus was not on his own land. This conclusion was supported by circumstantial evidence.

¶ 16    First, the fact that defendant was on a sidewalk supports a reasonable inference that he was not on his own land. In *People v. West*, 97 Ill. App. 3d 275 (1981), this court ruled that evidence a defendant was on a sidewalk supported the trial court's finding that he was not on his own land because sidewalks are typically held by the municipality. *West*, 97 Ill. App. 3d at 277. The inference was permissible even absent evidence regarding ownership of the sidewalk. *Id.*; see also *People v. Carter*, 111 Ill. App. 3d 994, 996 (1983) (sidewalk was subject to regulation by the municipality, and therefore did not come within the own land exception). Also instructive is *People v. Pulley*, 345 Ill. App. 3d 916, 921-22 (2004). There, we affirmed the court's ruling that the defendant was not on his own land when police observed him running through multiple units in a CHA building. *Id.* This fact established that the defendant was not on his own land, even without evidence regarding the building's ownership, because evidence which characterized CHA housing as "federally funded housing sites" was sufficient to support the inference. *Id.*

¶ 17    Defendant argues that under *Hayes*, it is conceivable the sidewalk was his own land, which he opened to the public. In *Hayes*, as noted, the defendant was standing in an alley adjacent to his private garage at the time of arrest, and there was no evidence pertaining to ownership of the alley. Here, defendant ran along a block of sidewalk, then turned into the street, where he was detained. There was no evidence of any adjacent structure over which defendant could have an ownership interest. There was evidence, however, that defendant was on a sidewalk, from which the trial court could reasonably infer that he was not on his own land. Given this evidence, the trial court

was not required to accept the competing inference urged by defendant and raise it to the level of reasonable doubt. *Jackson*, 232 Ill. 2d at 281.

¶ 18    Second, the trial court could reasonably infer defendant was not on his own land based on the distance he traveled while fleeing from police. Defendant ran from approximately 6430 to 6408 South Lowe, which Yanez estimated as a "block." In *People v. Kelley*, 338 Ill. App. 3d 273 (2003), the court found that evidence a defendant drove some distance with a firearm in his waistband supported a reasonable inference that at some point during the ride, he possessed the firearm off his own land. *Kelley*, 338 Ill. App. 3d at 280-81. Similarly, the trial court here could reasonably infer that defendant possessed the firearm off his own land at some point during his flight along South Lowe. See also *Powell v. City of Berwyn*, 68 F. Supp. 3d 929, 937-38 (N.D. Ill. 2014) (the defendant was not on his own land where he walked on the street and sidewalk before entering his home).

¶ 19    Finally, the fact of defendant's flight alone supports an inference that he was not on his own land. Illinois law permits trial courts to infer a guilty conscious from the fact of flight. *People v. Hart*, 214 Ill. 2d 490, 519 (2005). Here, the trial court could reasonably infer that defendant would not have fled if he was on his own land when the police arrived.

¶ 20    Taking all the evidence in the light most favorable to the State, we find the State presented sufficient evidence for the trial court to conclude defendant was not on his own land when he possessed the firearm. Accordingly, we affirm the judgment of the trial court.

¶ 21    Affirmed.