THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LOUIS GOSS, Defendant-Appellant.

First District (5th Division)   No. 85—1936

Opinion filed August 8, 1986.

Joel S. Miller, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Paula M. Carstensen, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

Following a bench trial defendant, Louis Goss, was found guilty of unlawful use of weapons and "failure to carry tan armed guard training card" and was sentenced to serve a one-year period of conditional discharge. On appeal defendant contends that he was entitled to the "watchman" exemption to the unlawful-use-of-weapons statute (Ill. Rev. Stat. 1983, ch. 38, par. 24—2(a)(4)) and that the failure to carry the training card is not a criminal offense. The State concedes that the presence or absence of a training card pertains to an exemption

to the unlawful-use-of-weapons statute and does not constitute a substantive criminal offense. Accordingly, we vacate the court's "finding" on the complaint charging defendant with the "offense" of "failure to carry tan armed guard training card."

Chicago police officer M. Bresman testified that at 3:25 a.m. on May 7, 1985, two men were engaged in an argument on the sidewalk outside of an A&P gas station and mini-mart located at 112 West North Avenue. One of the men approached the officer and his partner and told them that the other man, defendant, had a gun in his possession. Defendant started to walk back to the gas station. As Bresman proceeded to investigate the matter, he observed a .38-caliber revolver tucked into defendant's waistband. Defendant identified himself as a security guard. He did not wear a uniform. Bresman disarmed defendant, who then explained that he was employed as a security guard for the mini-mart. Defendant produced an expired city of Chicago registration card for the weapon, a firearm owner's identification card and the "blue copy" of a certificate from the Department of Registration and Education authorizing 40 hours of training "for some type of security business." At the time of defendant's arrest a cashier was working at the mini-mart.

Defendant testified that on March 29, 1985, David Bullock, the part owner and manager of the A&P Mini-Mart, hired him as a "clerk-watchman" for the mini-mart, which is open 24 hours per day. His position combined the duties of a regular clerk with those of a watchman. As part of his job, defendant wore a gun. He was paid $4.50 per hour and worked 40 hours each week. He did not have a written contract of employment. Bullock corroborated this testimony. Defendant never applied to the Department of Registration and Education to become a private security contractor or held himself out as one. At the time of his arrest he was not employed as a security guard by a licensed security agency.

Defendant denied having an argument with another man in front of the mini-mart. He explained that he had told the man to leave the store. After the man left, he sat down on one of the gas pumps. Defendant then walked outside and told him that if he did not leave the premises he would have to call the police. Defendant also denied telling the officers that he was a security guard. According to defendant he informed them that he was a "clerk-watchman." At the time of his arrest defendant was wearing a badge that identified him as a watchman. He purchased the badge from a uniform supply store when he was working for Wells Fargo Security Agency.

Defendant contends that he was entitled to the "watchman" ex-

emption to the unlawful use of weapons statute (Ill. Rev. Stat. 1983, ch. 38, par. 24—2(a)(4)). We disagree.

■ Defendant had the burden of proving by a preponderance of the evidence that he was entitled to the exemption set forth in section 24—2(a)(4) for watchmen "while actually engaged in the performance of the duties of their employment." (Ill. Rev. Stat. 1983, ch. 38, par. 24—2(a)(4); see *People v. Smith* (1978), 71 Ill. 2d 95, 105-110, 374 N.E.2d 472.) In our judgment defendant failed to meet that burden.

The term "watchman" is not defined in the statute and has not been judicially construed. Webster's Third New International Dictionary 2581 (1971) defines watchman as "one who is employed to stand watch over or to patrol property for the purpose of protecting it against theft, fire, or other damage" or "one who keeps guard at a particular place to warn persons of imminent danger." Black's Law Dictionary 1426 (5th Ed. 1979) defines watchman as "[o]ne whose general duties consist of guarding, patrolling, and overseeing a building, group of buildings, or other property."

■ Although it is arguable that defendant was a "watchman" in the dictionary sense of the word, we do not believe that the legislature intended that the statutory exemption should be given such a broad interpretation. (See generally *People v. Free* (1983), 112 Ill. App. 3d 449, 451-53, 445 N.E.2d 529.) The exemptions to the unlawful-use-of-weapons statute must be strictly construed. (*People v. Lofton* (1977), 69 Ill. 2d 67, 71-72, 370 N.E.2d 517.) To adopt defendant's argument would effectively eviscerate significant portions of the unlawful-use-of-weapons statute. An employer could denominate any employee as a "watchman" and thereby permit him to carry a firearm in a place of business open to the public or other employees during regular working hours notwithstanding the employee's lack of training and suitability for such responsibility, his failure to wear a uniform or any other identification indicating his position, and his obligation to perform nonsecurity functions. Compare *People v. Rinehart* (1967), 81 Ill. App. 2d 125, 127-28, 225 N.E.2d 486.

■ In light of the stringent training requirements the legislature has imposed on security guards (Ill. Rev. Stat. 1983, ch. 38, pars. 24—2(a)(5), (a)(6), we believe that it would be inconsistent with the manifest purposes of the unlawful-use-of-weapons statute to allow an employee who is expected to deal with the general public or other employees during regular working hours to claim the exemption for "watchmen." In our judgment, the watchman exemption must be limited to employees who guard, patrol or oversee a building or other property of the employer which is closed to the public and other em-

ployees outside of normal working hours. Based on the evidence presented at trial, defendant was not entitled to claim the exemption for "watchmen, while actually engaged in the performance of the duties of their employment." Ill. Rev. Stat. 1983, ch. 38, par. 24—2(a)(4).

For the foregoing reasons we vacate defendant's "conviction" for "failure to carry a tan armed guard training card" and affirm his conviction for unlawful use of weapons.

Affirmed in part, vacated in part.

SULLIVAN, P.J., and PINCHAM, J., concur.