## JONES *v.* STATE.

Decided November 28, 1891.

*Carrying weapon*—" *Upon his own premises.*"

> A landlord who carries a pistol upon premises owned by him but wrongfully retained by a tenant after termination of the lease is not within the exception in the statute against carrying weapons (Mansf. Dig., sec. 1907) in favor of one who carries a weapon " upon his own premises."

APPEAL from *Pulaski* Circuit Court.

ROBERT J. LEA, Judge.

*W. J. Terry* for appellant.

In 45 Ark., 536, and 49 *id.*, 176, it was held that only those who have an interest in the estate, or who are entitled to exercise some control over it, are within the statutory exceptions. At common law, six months' notice is required to terminate a tenancy by the year. Gear, Land. & T., sec. 32. After notice the holding over creates a tenancy at sufferance, the lowest possible tenancy. *Ib.*, sec. 40; Am. Law of Real Prop., 133. A tenant at sufferance has no interest in the premises; he is entitled to no notice to quit. Gear, L. & T., sec. 41; Lead. Cases, Am. Law of Real Prop., pp. 133–5, 143. He cannot maintain an action of trespass *quare clausum* for a peaceable entry; 50 Me., 325; nor for forcible entry of his landlord, 83 Mass., 406; 4 Johns., 151. See also, 4 Jones (N. C.), 315; 115 Ill., 138; 12 Barb., 483; 7 Halst., 99. The legislature used the word "premises" in its popular sense, and meant it to apply to the house, homestead and farm, even to the rented portions. Bish., St. Cr., sec. 101; *ib.*, sec. 227; *ib.*, 235.

*W. E. Atkinson*, Attorney General, and *Chas. T. Coleman* for appellee.

The only contention in this case is as to the meaning of the word "premises." In 28 Ark., 100, it was used as synonymous with "*his own house.*" We think this was the intention of the legislature. See 3 Heisk., 185–7; 28 Tex. App., 44. The tenant is the *owner* of the premises during

the term.   Wood, Land. & T., sec. 538;  12 Tex. App., 609;
21 Ohio St., 184.   The person actually enjoying the posses-
sion is the owner of the premises.   49 Ark., 176;  15 Tex.
App., 23.   The word "premises" means land and tene-
ments occupied as a habitation, or in the actual possession
of some person who has an estate therein.   28 Tex. App.,
44;  15 *id.*, 23;  12 *id.*, 609;  3 Heisk., 185;  45 Ark., 536; 49
*id.*, 176.

HUGHES, J.   The appellant was convicted of carrying a
pistol as a concealed weapon, and appealed to this court.
His defense and contention are that he was within the ex-
ception to section 1907 of Mansfield's Digest, which pro-
vides that the statute shall not be so construed as to pro-
hibit any person from carrying any weapon upon his own
premises.   Randall Jones was the tenant of the appellant,
lived in a house upon and cultivated land of the appellant
for the year 1889.   His term expired the 1st day of January,
1890.   He continued on the place until about the 15th of
that month, holding over.   After an altercation between them,
the landlord, denying the tenant's right, proceeded to go
into the yard around the tenant's house.   The tenant re-
sisted his entrance, when the appellant attempted to draw a
pistol, which was seized by the tenant, who pushed appel-
lant out at the gate.

It is contended for appellant that he was on his own prem-
ises, within the exception in the statute.   Whatever may be
the common law, the right of forcible entry does not exist
after the termination of a tenant's term, since the passage
of our statute of forcible entry and detainer.   The remedy
by this statute is designed to protect the actual possession,
whether rightful or wrongful.   The object of the statute is
not to try the rights of property, but to preserve the peace.
Though this tenant's term had expired and the landlord
owned the property and was entitled to the possession of it,
yet the tenant *had* possession, and the premises—certainly
around his house and within his yard—were his while he

continued in possession, and not the landlord's, within the meaning of the statute. The house was his home, his place of occupation, his "castle" for the time being. But one person could carry concealed weapons on the premises occupied by the tenant and come within the exception contained in the statute, and that person was the tenant and not the appellant. Several exceptions were taken to the exclusion of evidence offered by appellant, and several instructions were refused to which exceptions were taken, but we deem it unnecessary to notice these in detail, as the opinion of the court indicates its view of the law. See *Brumley* v. *State*, 12 Tex. App., 609; *Zallner* v. *State*, 15 Tex. App., 23; *Campbell* v. *State*, 28 Tex. App., 44; *Knight* v. *Knight*, 3 Ill. App., 206.

Finding no error the judgment is affirmed.