THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD THOMAS WEST, Defendant-Appellant.

First District (2nd Division)    No. 79-2308

Opinion filed June 9, 1981.

Ralph Ruebner and Ira A. Moltz, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Dean C. Morask, and Richard Russo, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Following a bench trial, defendant was found guilty of two counts of unlawful use of weapons and was sentenced to serve 5 years in the penitentiary. Defendant questions the conviction upon the basis that the State

failed to prove an essential element of the offense, namely, that the alleged use did not occur on defendant's own land, abode or fixed place of business.

The State's sole witness was Police Investigator Norbert Listowski, who testified that on November 7, 1978, at about 8:30 p.m., he and his partner were driver and passenger, respectively, of an unmarked police vehicle on Indiana Avenue near 47th Street. Listowski parked his vehicle at 4652 South Indiana and observed two small groups of people standing on the sidewalk at that location, defendant being among one of the groups. Listowski saw defendant speaking to a man named Costello Ringo and then observed him walking away from Ringo and approaching a woman from the rear, who was standing on the sidewalk. At that time, Listowski was 12 to 15 feet away from defendant when he observed a handgun fall to the ground from the right side of defendant's person. He had a clear and direct view of this event, and then saw the woman look over her shoulder, heard her scream and observed as she walked away from defendant. Listowski recovered the weapon, a .22-caliber handgun, loaded with four live rounds of ammunition and two expended shell casings. He searched defendant and found four additional bullets. On cross-examination, Listowski admitted that he never saw a gun in defendant's hand, nor touching any part of his body or clothing. During the entire time that Listowski observed defendant, the latter was always on the sidewalk adjacent to the street. On redirect examination, Listowski testified that he first observed the gun in question when it was three to five inches from defendant's hand as it fell to the ground.

Several stipulations were agreed to by the parties, among which were that: the subject weapon was operable; and, defendant had been convicted of robbery in 1974 and had been released from the penitentiary less than five years prior to the incident. The State then rested.

Defendant's motion for a finding in his favor at the close of the State's evidence was denied and the parties proceeded directly to closing argument of counsel. The trial court then entered its finding of guilty as to both counts charged. Defendant's motion for a new trial was denied by the trial court. A sentencing hearing was convened and the State cited defendant's prior convictions in aggravation and sought an extended term period of incarceration. Defendant was sentenced under count two as first noted above, with count one merged therein. From these orders, defendant appeals.

Defendant maintains that since he was charged under section 24—1(a)(10) of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(10)) and both counts of the information under which he was charged alleged that he was not on his own land, abode or place of business, the State utterly failed to meet its burden of proof, the record

being totally devoid of any such evidence. Defendant claims that failure to meet that burden mandates a reversal of his conviction for this offense, citing *People v. Chmilenko* (1976), 44 Ill. App. 3d 1060, 358 N.E.2d 1247. *Chmilenko*, however, is clearly distinguishable. In *Chmilenko*, the evidence established that defendant was on the front steps of his home at the time he possessed the weapon. In the instant case, the evidence shows that defendant was on a public sidewalk at the time the witness observed the weapon dropping to the ground from a point three to five inches from his hand. The trial court specifically found that the crime occurred on a public sidewalk. The record supports that conclusion.

More in point is *People v. Preston* (1978), 61 Ill. App. 3d 434, 378 N.E.2d 372, in which the defendant was observed pointing a handgun at a witness standing in front of a nightclub. Defendant thereafter ran through an alley during which time a shot was fired and he was later apprehended in a park across the street from the alley. The handgun was found in the alley. The appellate court there found sufficient circumstantial evidence to demonstrate that the defendant had fired his pistol in the alley and threw it down, thus possessing the gun while on public land. Here, defendant was observed walking on the public sidewalk toward a woman as the gun fell from his hand to the ground. Such evidence is sufficient upon which to meet the statutory requirement.

No evidence was introduced with respect to the ownership of the sidewalk; however, ownership of public sidewalks and streets are ordinarily held by the municipality in fee (see, *e.g.*, *Union Coal Co. v. City of La Salle* (1889), 34 Ill. App. 93, *aff'd* (1891), 136 Ill. 119, 26 N.E. 506; *North Chicago Street R.R. Co. v. Cheetham* (1895), 58 Ill. App. 318) or by easement (see, *e.g.*, *Horn v. City of Chicago* (1949), 403 Ill. 549, 87 N.E.2d 642; *Sears v. City of Chicago* (1910), 247 Ill. 204, 93 N.E. 158). In either case, assuming, *arguendo*, defendant owned some fee interest in the sidewalk involved, in view of the paramount right of the public to traverse that sidewalk without apprehension of or danger from violence which develops from unauthorized carrying of firearms and the policy of the statute to conserve and maintain public peace on sidewalks and streets within the cities, such ownership interest dissipates and makes the carrier or possessor of a firearm thereon nonetheless subject to the prohibitions and sanctions of the statute. See *Moss v. State* (1898), 65 Ark. 368, 45 S.W. 987; *State v. Perry* (1897), 120 N.C. 580, 26 S.E. 915; Annot., 57 A.L.R.3d 938 (1974). See also *Dunbar v. State* (1974), 162 Ind. App. 375, 319 N.E.2d 630.

Accordingly, the conviction must be affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.