THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEE HENRY CARTER, Defendant-Appellant.

Fourth District   No. 4—82—0412

Opinion filed January 18, 1983.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals the revocation of his probation. He was originally placed on probation on August 25, 1981, for the offense of aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4) on the condition, *inter alia*, that he not violate any criminal statute of this jurisdiction. The petition alleged defendant committed the offense of unlawful use of weapons. (Ill. Rev. Stat. 1981, ch. 38, par. 24—1(a)(4), (10).) The court found that violations of these sections had been proved by a preponderance of the evidence. Defendant was sentenced to 29 months' imprisonment with credit for time on probation or in jail. Notice of appeal was filed the same day.

Section 24—1(a)(4), (10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(4), (10)) provides that it is an offense for a person to possess a handgun "except when on his own land or in his own abode or fixed place of business."

Defendant was observed by two police officers as one of three black males standing on a sidewalk and parkway to the north of 505 North Fifth Street in Champaign, Illinois. The testimony of Officer Harris, who first observed defendant, included:

"Q Where exactly were they?

A Slightly north of the 505 address. This would have been adjacent to what should have been 507 North Fifth.

Q Okay. Where were they when you saw them?

A Standing on the sidewalk.

Q What—did you see any of them—any of the three men leave the group and go somewhere?"

He continued:

"He [defendant] left the two men he was talking to and he proceeded southwest over to a large tree. When he arrived at the tree he knelt down and removed an item from his waistband and placed down by the tree. After that, he began walking to the house that would have been number 507."

Officer Colclasure corroborated this except to testify defendant walked back to the 505 address. Colclasure recovered a handgun lying on the ground beneath the tree. No other objects were lying in the immediate vicinity of the gun, and the other two men "were still in the yard" and did not approach the tree. There is no issue of the identification of the defendant.

At the close of the State's evidence, defendant moved to dismiss the petition to revoke for the reason that there had been no testimony that defendant was not on his own land, at his place of abode or of business, when he was first observed on the sidewalk. He argued to the trial court that the sidewalk might have been a private one to a house. The record does suggest that defendant might have resided at 505 North Fifth Street, Champaign. There are no other issues on appeal.

The trial court denied the motion to dismiss under the standard of the preponderance of the evidence finding that:

"It is probably more true than not true that he was on the land of the city and not his abode or his fixed place of business or his own land."

Section 11—80—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 11—80—13) provides:

"The corporate authorities of each municipality may regulate the use of sidewalks, the construction, repair, and use of openings in the sidewalks, and all vaults and structures thereon and thereunder, including telephone booths, and may require the owner or occupant of any premises to keep the sidewalks abutting the premises free from snow and other obstructions."

The preponderance of evidence is that defendant was observed on the sidewalk paralleling the street. Assuming, *arguendo*, that defendant may have had a place of abode at 505 North Fifth Street, Champaign, we nevertheless conclude that the sidewalk, which under the cited provision of the Illinois Municipal Code is subject to the regulation use by the municipality, does not come within the language "except when on his own land or in his own abode or fixed place of business" as an exception to the violations charged.

The judgment of the trial court is affirmed.

Affirmed.

GREEN and MILLS, JJ., concur.