*In re* J.A.J., JR., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.A.J., Jr., Respondent-Appellant).

Second District    No. 2—91—0527

Opinion filed April 20, 1993.

Josette Skelnik, of Law Offices of Josette Skelnik, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Respondent, J.A.J., Jr., appeals the order of the circuit court adjudicating him delinquent. The circuit court found he committed a criminal trespass to a vehicle (Ill. Rev. Stat. 1991, ch. 38, par. 21—2). The State had charged him, however, with theft (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(1)(A)). On appeal, respondent argues that the circuit court erred in adjudicating him guilty of trespass to a vehicle because it is not a lesser included offense of theft.

On March 26, 1991, the State filed a supplemental petition seeking an adjudication of wardship alleging that respondent was delinquent. The State alleged he committed the offense of theft in that he "knowingly exerted unauthorized control over property of James Gent, being a 1984 Chevrolet Camaro, having a total value exceeding $300.00, intending to deprive James Gent permanently of the use of the property, in violation of Section 16—1(a)(1)(A), Chapter 38, Illinois Revised Statutes."

At the adjudicatory hearing, the State presented evidence that Gent left his Camaro running while he went into a gas station office. A passenger who remained in the car testified that a hooded person whom she could not identify jumped into the car and drove it. A State trooper found the car abandoned on the tollway 27 miles east of the incident. The trooper found respondent and two youths walking along the tollway east of the car. The court admitted respondent's statement that "Willie, Chris and I saw a Camaro running so we got the car and Willie drove until the car broke down." Respondent moved for a directed finding, and the court ruled the State failed to prove respondent intended to deprive Gent of the car permanently. The

court found the evidence sufficient to find respondent committed a criminal trespass to a vehicle and asked the parties to research whether respondent could be found delinquent on this basis. After a hearing on this issue, the court entered the order adjudicating respondent delinquent.

■■ While the allegations of a petition for wardship need not meet the standards of a criminal charging instrument, the petition must apprise the accused of the precise offense charged with sufficient specificity to prepare his defense. (*In re S.R.H.* (1983), 96 Ill. 2d 138, 143, 145.) Criminal trespass to a vehicle is not a lesser included offense of theft because theft does not require proof of a knowing and unauthorized entry of a vehicle. (*People v. Rainbolt* (1977), 52 Ill. App. 3d 374.) No person may be convicted of an offense that he has not been charged with committing unless the charge is a lesser included offense. A lesser included offense is one composed of some but not all of the elements of the greater offense and which does not have any element not included in the greater offense. *People v. Jones* (1992), 149 Ill. 2d 288, 293-94; *People v. Brocksmith* (1992), 237 Ill. App. 3d 818, 823-24.

■■ The petition in the cause before the court did not advise respondent of the additional element of knowingly entering the vehicle of another. Thus, respondent could not be found delinquent on the ground of criminal trespass to property.

The State has confessed error on this issue and agrees that the respondent would not have sufficient notice of the additional element to prepare his defense. The State requests that this court grant respondent relief on appeal.

For the above reasons, the order of the circuit court is reversed.

Reversed.

UNVERZAGT and QUETSCH, JJ., concur.