*In re* L.B., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. L.B., Respondent-Appellant).

Second District   No. 2—94—0221

Opinion filed November 3, 1995.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RATHJE delivered the opinion of the court:

The circuit court adjudicated respondent, L.B., a delinquent minor on the basis of his having committed the offense of unlawful use of weapons (720 ILCS 5/24—1(a)(4) (West 1992)). Respondent appeals, contending that the court erred in adjudicating him delinquent based on an offense which was not a lesser included offense of the crime charged in the delinquency petition.

The State filed a supplemental delinquency petition alleging that respondent committed the offense of aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1992)). The supplemental petition alleged that respondent knowingly fired a gun in the direction of another.

The evidence at the hearing generally showed that respondent was involved in a gun battle at the Fairgrounds housing project in Rockford on December 8, 1993. During this incident, someone shot Anquin St. Junious in the foot. Several different versions of the incident emerged at the hearing, but no one who testified stated that he saw respondent shoot in the direction of St. Junious. Mikey Catlin, who was with respondent on December 8, testified that respondent shot at a wall and away from St. Junious. He disavowed his previous statement that respondent had shot in St. Junious's direction.

Respondent himself gave the police three different versions of his involvement in the incident. He first denied being at the Fairgrounds on December 8. He later admitted being there but denied having a gun. Finally, he said that he had a gun but did not fire it. His hearing testimony mirrored the third version.

The court found that the State had failed to prove that respondent committed the aggravated discharge of a firearm. However, the court noted that the evidence did prove that respondent violated at least two subsections of the unlawful use of weapons statute and also committed the offense of possession while under the age of 18 of a firearm of a size which may be concealed upon the person (720 ILCS 5/24—3.1(a)(1) (West 1992)). The court asked counsel to present authority on the issue of whether these could be considered lesser included offenses.

The court ultimately adjudicated respondent delinquent based on a violation of section 24—1(a)(4) (720 ILCS 5/24—1(a)(4) (West 1992)). Respondent filed a timely notice of appeal. He contends that the court erred in finding that unlawful use of weapons is a lesser included offense of aggravated discharge of a firearm. Respondent points out that section 24—1(a)(4) contains an element not alleged in the petition, the requirement that the weapon be concealed. Respondent notes that the element of concealment is also present in the possession offense, although this offense was not included in the order of adjudication.

■ In *People v. Novak* (1994), 163 Ill. 2d 93, the supreme court adopted the charging instrument approach to determine whether defendant was properly convicted of a lesser included offense. The court recited the established principle that a defendant may not be convicted of a crime with which he was not charged unless it is a lesser included offense of the crime expressly charged. (*Novak*, 163 Ill. 2d at 105.) The court considered several approaches to determining what constitutes a lesser included offense and ultimately decided to follow the charging instrument approach. (*Novak*, 163 Ill. 2d at

112-13.) Under this approach, the court must determine whether the crime of which defendant was found guilty contains an additional element not present in the offense charged. If it does, it cannot be a lesser included offense. See *Novak*, 163 Ill. 2d at 106-07.

Here, as noted previously, the offense which forms the basis of the delinquency adjudication contains an element not present in the offense with which respondent was initially charged: the element of concealment. The State does not dispute this analysis of the elements of the offenses, but argues that juvenile petitions are not subjected to the same standard of scrutiny as are the charging instruments in adult criminal prosecutions.

■ In reviewing the sufficiency of a delinquency petition when challenged for the first time on appeal, a court need determine only whether the petition apprises the accused of the precise offense with sufficient specificity to prepare his defense and to bar a future prosecution based on the same conduct. (*In re S.R.H.* (1983), 96 Ill. 2d 138, 144-45.) The State contends that the petition is sufficient, when measured by this standard, to charge the lesser included offense of unlawful use of weapons.

■ The issue here is not whether the petition was sufficient to charge the offense named. Rather, the precise question is whether respondent was found properly to have committed a lesser included offense of the offense charged. This court rejected the State's argument in *In re J.A.J.* (1993), 243 Ill. App. 3d 808. In that case, we noted that, even under the relaxed standard of *S.R.H.*, a juvenile petition must inform the accused of the precise offense charged. (*J.A.J.*, 243 Ill. App. 3d at 810.) We held that the petition did not specifically advise respondent of an additional element of the offense he was found to have committed. Therefore, it could not be considered a lesser included offense of the offense with which he was originally charged. (*J.A.J.*, 243 Ill. App. 3d at 810.) The same reasoning applies to this case.

■ The State alternatively contends that the trial court in its remarks also found that respondent had committed unlawful use of weapons pursuant to section 24—1(a)(10), which does not contain the concealment element. The State suggests that we have the authority to remand the cause for the entry of judgment on "incomplete convictions" and requests that relief here.

We note that section 24—1(a)(10), while not containing the element of concealment, contains other elements not alleged in the petition. That section provides that a person commits unlawful use of weapons when he knowingly "[c]arries or possesses on or about his person, upon any public street, alley, or other public lands within the

corporate limits of a city, village or incorporated town *** any pistol, revolver, stun gun or taser or other firearm." (720 ILCS 5/24—1(a)(10) (West 1992).) The delinquency petition fails to allege all of these elements. Even if the element of carrying or possession could be inferred from the allegation that respondent fired a gun—and must therefore have carried or possessed it—the petition fails to allege that respondent was in a public street or alley or that he was within the corporate limits of a city, village, or incorporated town. Thus, this statute could not properly be the basis of a lesser included offense.

The State suggests, however, that the evidence at the hearing may be used to overcome any insufficiencies in the charging instrument. If this were true, there would be no need for a charging instrument at all. The evidence at trial would solely determine whether the conviction was proper, and the charging instrument would be rendered superfluous.

The case on which the State relies is easily distinguishable. In *People v. Peebles* (1984), 125 Ill. App. 3d 213, defendant was initially charged with theft of property exceeding $150 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(3)). At the time of the commission of the offenses, theft of property exceeding $150 was a Class 3 felony. While the case was pending, the legislature amended the statute to raise the amount to $300. However, the indictment was not amended to reflect this statutory change. Defendant therefore argued that he could only be convicted of a misdemeanor. *Peebles*, 125 Ill. App. 3d at 221.

The court noted that, since defendant attacked the sufficiency of the indictment for the first time on appeal, it would apply the less exacting standard of whether it sufficiently informed defendant of the nature of the offense to allow him to prepare his defense and to bar a subsequent prosecution. The court found that the indictment accomplished these purposes. (*Peebles*, 125 Ill. App. 3d at 221.) Parenthetically, the court noted that extensive evidence at trial showed that defendant had in fact stolen in excess of $130,000 and that the jury instructions defining the elements of the offense contained the $300 figure. (*Peebles*, 125 Ill. App. 3d at 221.) The court did not hold that any omission from a charging instrument could be cured by the evidence at trial.

For the foregoing reasons, the judgment of the circuit court is reversed.

Reversed.

McLAREN, P.J., and BOWMAN, J., concur.