THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOAN E. BRUNER, Defendant-Appellee.

Fourth District    No. 4—95—1016

Opinion filed December 6, 1996.

40

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Jeff Justice, of Campbell & Robinson, of Decatur, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Joan E. Bruner, was charged in the circuit court of Macon County with unlawful use of weapons and unauthorized possession of weapons in violation of sections 24—1(a)(4) and 21—6(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/24—1(a)(4), 21—6(a) (West 1994)). Defendant filed a motion to dismiss count I for unlawful use of weapons alleging it did not state an offense as charged because defendant was *exempt* from criminal responsibility under section 24—2(i) of the Code (720 ILCS 5/24—2(i) (West 1994)) due to the fact the gun in her possession was unloaded; it was in a case, and she possessed a valid firearm owners identification (FOID) card. The trial court dismissed count I and the State has appealed. We affirm.

The facts are undisputed. Defendant came to the Macon County courthouse on a small claims matter. At the security checkpoint she handed her purse to the deputy and proceeded through the checkpoint. The deputy examined her purse and discovered an unloaded gun in a case and a valid FOID card. Defendant was then charged with the felony offense of unlawful use of weapons (see 720 ILCS 5/24—1(a)(4) (West 1994)) and also a misdemeanor charge for bring-

ing a gun into a publicly funded building without permission of the security officer (see 720 ILCS 5/21—6(a) (West 1994)).

■ Section 24—1(a)(4) of the Code prohibits the carrying of a concealed weapon, without specifying whether it is loaded or unloaded, cased or unencased. Section 21—6(a) of the Code prohibits possession of a weapon whether loaded or unloaded, encased or not, broken down or not, on State or federal land "or in any building on such land without prior written permission from the chief security officer for such land." 720 ILCS 5/21—6(a) (West 1994).

Defendant filed a motion to dismiss directed to the felony charge. Count I charged defendant:

"did commit the offense of UNLAWFUL USE OF WEAPONS, in that she knowingly concealed on her person, a pistol, at a time when she was not on her own land, or in her own abode, or a fixed place of business, said pistol being carried unloaded in a case and said defendant being in possession of a valid [FOID] Card, but not covered by the exemption in 720 ILCS, [*sic*] 5/24—2(i)."

■ Section 24—2(i) of the Code provides:

"Nothing in this Article shall prohibit, apply to, or affect the transportation, carrying, or possession, of any pistol or revolver, stun gun, taser, or other firearm consigned to a common carrier operating under license of the State of Illinois or the federal government, where such transportation, carrying, or possession is incident to the lawful transportation in which such common carrier is engaged; and nothing in this Article shall prohibit, apply to, or affect the transportation, carrying, or possession of any pistol, revolver, stun gun, taser, or other firearm, not the subject of and regulated by subsection 24—1(a)(7) or subsection 24—2(c) of this Article, which is unloaded and enclosed in a case, firearm carrying box, shipping box, or other container, by the possessor of a valid [FOID] Card." 720 ILCS 5/24—2(i) (West 1994).

Defendant argued section 24—2(i) of the Code contains an exemption to the offense of unlawful use of weapons which allows a person to carry an unloaded, encased weapon so long as she has a valid FOID card. The State argued this exemption applied only to common carriers, otherwise it is a "concealed carry" law. Defendant contended, however, the last part of section 24—2(i) of the Code, after the semicolon, applied to her as charged. She argued this section is designed to allow a person, for example, to purchase a weapon at a store and transport it home, unloaded and in a case.

The trial court found, while the provision of section 24—2(i) "may allow for mischief," it provided an exemption for defendant under these circumstances and dismissed count I. Count II remains pending. The State has appealed pursuant to Supreme Court Rule 604(a)(1). 145 Ill. 2d R. 604(a)(1).

On appeal, the State has abandoned its contention section 24—2(i) of the Code applies only to common carriers but contends the exemption was not intended to allow persons to carry weapons, even unloaded and encased, as they go about their daily business but was intended to allow persons to transport weapons from one location to another such as to their homes after purchasing a weapon. The State notes a distinction between taking a gun *to* a destination and going to a destination *with* a gun.

The fundamental rule of statutory construction is to determine the intent and meaning of the legislature. *People v. Frieberg*, 147 Ill. 2d 326, 345, 589 N.E.2d 508, 517 (1992). The plain meaning of the language used is the best indicator of legislative intent. This rule does not prevail in the face of ambiguity or where the literal interpretation yields a result inconsistent with other provisions relating to the same subject. *People v. Alejos*, 97 Ill. 2d 502, 511, 455 N.E.2d 48, 52 (1983). A statute must be read as a whole and all relevant parts considered. *People v. Lewis*, 158 Ill. 2d 386, 389, 634 N.E.2d 717, 719 (1994). In regard to the specific statute at issue, the courts have found the legislature did not intend the statutory exemptions should be given a broad interpretation (*People v. Goss*, 146 Ill. App. 3d 723, 725, 497 N.E.2d 357, 359 (1986)) and, thus, must be strictly construed. *People v. Lofton*, 69 Ill. 2d 67, 71-72, 370 N.E.2d 517, 519 (1977).

Interpretation of the exemption in section 24—2(i) of the Code appears to be an issue of first impression. Defendant does not contend the exemption found in section 24—2(i) applies to section 21—6 of the Code (720 ILCS 5/21—6 (West 1994)). The exemption could not apply because section 21—6 is found in an entirely separate article of the Code from section 24—2(i).

As noted, the State no longer contends the entire section deals with common carriers and we agree. The legislative history of the act adding this exemption to section 24—2 of the Code (720 ILCS 5/24—2 (West 1994)) provides some background. The sponsor of the bill, Representative Cullerton, stated during legislative debate:

> "What the Bill does first of all is to make it clear that common carriers, that would be like for example, truck drivers who are bringing and transporting weapons within the State are not violating the law. There's some question right now with respect to the Unlawful Use of Weapons Statute as to whether or not they are exempted. So we do that. \*\*\* And also the final thing would be to define how we wish to transport weapons when we are not on our own land or in our own house or on our own place of business. And we're only talking about weapons that are not loaded. \*\*\* All we're saying is that if you are transporting your gun, it must be

in a case, a container or a box. If it's in a vehicle, it must be unloaded and in a container or a case. But what we do say is that if you're walking in a city, down the street with an unloaded gun in the open, right now, that's legal, and what we're saying with this Bill is that that should not be legal." 82d Ill. Gen. Assem., House Proceedings, May 16, 1981, at 3-4 (statements of Representative Cullerton).

The second portion of section 24—2(i) after the semicolon is a separate exemption from that of the first portion dealing specifically with common carriers.

The State contends "transport" means to take an object to a specific destination. The language of the exemption includes not only the act of transporting but also carrying or possession of a weapon, the common definitions of which would not be limited to taking the weapon to a specific destination. Other than the portion of the legislative debate cited above, the only other discussion during the legislative debate that deals with this point occurred between Representatives Koehler and Cullerton:

"Koehler: 'Perhaps I heard you incorrectly, but I thought you said that you can ... you have to have a ... an unloaded gun in a case now when you carry it on the street. Is that correct?'

Cullerton: 'That's correct. In a city.'

Koehler: 'In a city.'

Cullerton: 'Right, that's what the law would do. In another [sic] words, say you're going out to hunt. You put your gun in a ... unloaded, you'd unload it, you'd put it in any kind of a container or case and put it in the car.'

Koehler: 'Okay, and this ... and ... but what about carrying it on the street?'

Cullerton: 'It has to be in a ...'

Koehler: 'It has to be in a case.'

Cullerton: '... case. Right. Only if it's in the city. If you're out in the ... outside of an corporated area, you can have it in the open. Okay? But if you're on the street, walking down the street with a gun unloaded, it would be against the law.' " 82d Ill. Gen. Assem., House Proceedings, May 16, 1981, at 5-6 (statements of Representatives Koehler and Cullerton).

■ We include the portions of the legislative debate not because we believe they are determinative, but simply to demonstrate the legislature was considering the assorted applications of the exemption. The best indication of legislative intent is the language of the exemption as adopted. Even allowing for the strict construction of the exemption provided in section 24—2(i), the legislature intended the exemption to apply not only to transporting a gun, as in the situ-

ation of purchasing a gun and transporting it home or transporting a hunting rifle to the location of the hunt, but to also apply to the carrying and possession of a gun while simply walking down the street. We agree with the trial court the exemption "may allow for mischief." However, it clearly applies to defendant because her pistol was unloaded, in a case and she had a valid FOID card. The exemption did not require her to be transporting the pistol to a specific location in order to hunt or target shoot or take a recently purchased weapon to her residence. The State suggests this exemption, as interpreted by defendant, would actually provide a "concealed carry" law. We note "concealed carry" laws deal with the concealed possession of a *weapon* in a holster and do not provide the weapon must be unloaded. See Fla. Stat. Ann. § 790.06 (West Supp. 1996); Tex. Rev. Civ. Stat. Ann. art. 4413(29ee) (West Supp. 1997). The exemption here specifically provides the weapon must be unloaded and in a case.

Our ruling is not an endorsement of the defendant's behavior. Citizens carrying unloaded weapons, even if encased, into courthouses is a prelude to violence. Unloaded weapons can readily be loaded. Arguably, a violation of section 21—6(a) of the Code should be a felony rather than a misdemeanor. The exemption provided by the legislature permits the defendant under these circumstances to avoid prosecution under section 24—2(i) of the Code for the felony charge, but she remains subject to the misdemeanor offense proscribed by section 21—6(a) of the Code. The remedy for the mischief noted by the trial court is a matter for the legislature.

The judgment of the trial court dismissing count I due to the exemption provided in section 24—2(i) of the Code is affirmed.

Affirmed.

COOK and GREEN, JJ., concur.