**Perry MARSHALL, Plaintiff,**

v.

**Carl WALKER and Robert Grace, Defendants.**

**No. 96 C 6695.**

United States District Court, N.D. Illinois, Eastern Division.

Feb. 27, 1997.

---

Michael W. Fleming, Terry O'Donnell, O'Donnell, Grady & Manchen, P.C., Elmhurst, IL, for Plaintiff.

Stanley L. Hill, Michelle D. Taylor, Robert D. Whitfield, Stanley L.Hill & Associates, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Perry Marshall alleges that he was falsely arrested and maliciously prosecuted by defendants Carl Walker and Robert Grace, Maywood police officers. Presently pending is defendants' motion to dismiss.

On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163, 164–65, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir.1992). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R.Civ.P. 8(a); *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir.1996). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed.R.Civ.P. 8(a)(2); *Jackson v. Marion County,* 66 F.3d 151, 153–54 (7th Cir.1995). It is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. *Bartholet v. Reishauer A.G. (Zürich),* 953 F.2d 1073, 1078 (7th Cir.1992). It is also true, however, that a party can plead him or herself out of court by alleging facts showing he or she has no viable claim. *Jackson,* 66 F.3d at 153–54; *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir.1993), *cert. denied,* 511 U.S. 1085, 114 S.Ct. 1837, 128 L.Ed.2d 465 (1994); *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 439–40 (7th Cir.1994); *Hrubec v. National Railroad Passenger Corp.,* 981 F.2d 962, 963–64 (7th Cir.1992). The pleading requirements are not modified when a defendant raises the qualified immunity defense in a motion to dismiss. *Triad Associates, Inc. v. Robinson,* 10 F.3d 492, 497 (7th Cir.1993).

Plaintiff alleges that he owns an apartment building located on Charles Street in Maywood. On October 1, 1994, he sought police assistance in dealing with a threatening tenant. Defendants responded to the call. In the complaint, only Walker's presence at the October 1 incident is alleged. In an affidavit

attached to his answer brief, plaintiff states both defendants were present. Walker warned plaintiff to stop bothering the tenants and also told plaintiff that he would be arrested if he continued to do so. In answering the motion to dismiss, plaintiff also alleges that the officers saw him with a gun on this date and warned him not to bring it to the property again.

On October 12, plaintiff again went to the Charles Street building and discovered storage areas had been broken into. He asked a tenant about this and the tenant began threatening him. Plaintiff again called the police and both defendants responded. Construing the allegations in plaintiff's favor, it could be inferred that the officers had knowledge that plaintiff was the owner of the building. In any event, in his answer brief, plaintiff expressly alleges that they had such knowledge.

In his complaint, plaintiff alleges that, on October 12, he "carried a gun in his holster and both Officers asked Plaintiff why he had a gun. Plaintiff responded that he was on his own property and under law was allowed to carry a gun. Plaintiff added that he had been threatened by tenants in the past and felt the gun was necessary for his safety." While the complaint could be read as alleging that the gun was in a holster in plain view, there is no express allegation to that effect. In the complaint, plaintiff further alleges that Walker then said he "had enough of this" and the officers threw plaintiff to the ground and arrested him for unlawful use of a weapon.

In answering the motion to dismiss, plaintiff provides a somewhat different version of the October 12 incident. In an affidavit, he states:

> ... The officers came to the rear of my building where I was with a tenant. The officers without provocation threw me on a car and started searching me. They found a gun on my possession. At no time did I tell the officers that I was carrying a gun. After finding the gun the officers arrested me. I told the officers that I had a right to carry the weapon on my property.

Although not expressly stated, the only reasonable inference to draw from the affidavit is that the gun was concealed. In his brief, plaintiff does not contend the gun was unconcealed and only refers to it as concealed. For purposes of the present motion, it must be assumed plaintiff is alleging he possessed a concealed weapon.

In their motion to dismiss, defendants contend plaintiff did not have a Firearm Owner's Identification (FOID) Card. However, there is no such allegation in the complaint and plaintiff expressly states in his affidavit attached to his brief that he did have such a card on October 12.

Defendants argue plaintiff's federal claim must fail because either they had probable cause to arrest him or they are qualifiedly immune because the law was not clearly established that they lacked probable cause.

"A law enforcement officer has probable cause to arrest when 'the facts and circumstances within [his] knowledge and of which [he has] reasonable trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense.'" *Booker v. Ward,* 94 F.3d 1052, 1057 (7th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 952, 136 L.Ed.2d 840 (1997) (quoting *Jones v. Webb,* 45 F.3d 178, 181 (7th Cir. 1995)). "Probable cause requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Maltby v. Winston,* 36 F.3d 548, 556 (7th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 2576, 132 L.Ed.2d 827 (1995) (quoting *Hughes v. Meyer,* 880 F.2d 967, 969 (7th Cir.1989), *cert. denied,* 495 U.S. 931, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990)). The determination of probable cause is based on the information available to the officer at the moment of arrest. *Jones v. Watson,* 106 F.3d 774, 778–79 (7th Cir.1997); *Booker,* 94 F.3d at 1057–58; *Maltby,* 36 F.3d at 557.

Qualified immunity applies "if a reasonable officer could have believed [plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed." *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (quoting *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97

L.Ed.2d 523 (1987)); *Jones v. Watson,* 106 F.3d at 777–78. Even if a lack of probable cause is adequately alleged, plaintiff still bears the burden of citing the existence of clearly established authority, on closely analogous facts, which, as of the alleged October 1994 arrest, would alert a reasonable police officer that his conduct toward plaintiff was unlawful. *Eversole v. Steele,* 59 F.3d 710, 717 (7th Cir.1995); *Hannon v. Turnage,* 892 F.2d 653, 656 (7th Cir.), *cert. denied,* 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990). Qualified immunity analysis is a two-step inquiry: whether the law was clearly established and, if so, whether the conduct was objectively reasonable. *Eversole,* 59 F.3d at 717; *Biddle v. Martin,* 992 F.2d 673, 675 (7th Cir.1993). *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), "created room for an immunity defense even in cases where there was no probable cause for the arrest, by holding that 'if officers of reasonable competence could disagree' on whether there was probable cause, the defendant would be immune from damages liability. In other words, only if no reasonable officer could have mistakenly believed that he had probable cause to arrest is the immunity forfeited." *Maltby,* 36 F.3d at 555 (quoting *Jones v. City of Chicago,* 856 F.2d 985, 994 (7th Cir.1988)). If probable cause did not exist, defendants are nevertheless entitled to qualified immunity if their mistake as to the existence of probable cause for an arrest was reasonable despite the pertinent law that was clearly established as of the October 1994 arrest. *Jones v. Watson,* 106 F.3d at 777–78; *Maltby,* 36 F.3d at 557; *Eversole,* 59 F.3d at 717–18; *Burns v. Reed,* 44 F.3d 524, 529 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2583, 132 L.Ed.2d 832 (1995). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Eversole,* 59 F.3d at 717 (quoting *Hunter,* 502 U.S. at 229, 112 S.Ct. at 537.)

Under Illinois law,

(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \* \* \* \*

(4) Carries or possesses ... concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm; or

\* \* \* \* \* \*

(10) Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, ... except when on his land or in his own abode or fixed place of business, any pistol, revolver, stun gun or taser or other firearm.

720 ILCS 5/24–1(a)(4), (10). Subsection (4) applies to possessing a concealed weapon anywhere but the excepted locations. Subsection (10) applies to all weapons, not just concealed weapons, but only when possessed on a public street, alley, or land. *See In re L.B.,* 276 Ill.App.3d 43, 212 Ill.Dec. 504, 506–07, 657 N.E.2d 705, 707–08 (2d Dist.1995).

Illinois law also contains the following exemption:

... nothing in this Article shall prohibit, apply to, or affect the transportation, carrying, or possession of any pistol, revolver, stun gun, taser, or other firearm ... which is unloaded and enclosed in a case, firearm carrying box, shipping box, or other container, by the possessor of a valid Firearm Owners Identification Card.

720 ILCS 5/24–2(i).

Plaintiff does not dispute that defendants had sufficient reason to believe he possessed a concealed firearm. Therefore, probable cause existed to arrest him for a violation of either § 24–1(a)(4) or § 24–1(a)(10), unless an exception or exemption applied. Plaintiff does not contend he was in his abode. He argues that the exceptions of being on his own land or in his own fixed place of business apply and that defendants could not reasonably have believed otherwise. Plaintiff also may be contending that the FOID exemption applies.

 The Illinois courts have held that the exceptions and exemptions to the unlawful use of weapons statute are to be construed narrowly. *People v. Lofton,* 69 Ill.2d 67, 12 Ill.Dec. 713, 715, 370 N.E.2d 517, 519 (1977);

*People v. Bruner,* 285 Ill.App.3d 39, 221 Ill. Dec. 459, 460, 675 N.E.2d 654, 655 (4th Dist. 1996). There is little law regarding what is meant by a fixed place of business and plaintiff cites none of it.[1] In *People v. Free,* 112 Ill.App.3d 449, 68 Ill.Dec. 81, 84, 445 N.E.2d 529, 532 (4th Dist.1983), the Illinois Appellate Court looked to the report of the drafting committee of the 1961 Criminal Code in determining that the exceptions were intended to be limited to "special circumstances." *See* 720 ILCS Annot. 5/24–1, Committee Comments–1961, at 248 (Smith–Hurd 1993) ("The possession and use of weapons inherently dangerous to human life constitutes a sufficient hazard to society to call for prohibition unless there appears appropriate justification created by special circumstances"). Relying on that passage and holdings as to similar statutes in other jurisdictions, *Free* holds that the fixed place of business exception is limited to proprietors of the business and inapplicable to nonproprietor employees of a business. *Free,* 68 Ill.Dec. at 83–84, 445 N.E.2d at 531–32. "We conclude that neither the drafting committee nor the legislature intended that each employee, while at his place of work, should be entitled to possess a weapon. No 'special circumstances' would have required that." *Id.* at 84, 445 N.E.2d at 532. In *People v. Cosby,* 118 Ill.App.2d 169, 255 N.E.2d 54, 57 (1st Dist. 1969), the court held, with little discussion, that a taxicab is not a fixed place of business because it is not stationary.

Two jurisdictions have considered "place of business" statutory language in relation to rental properties. Georgia law provides an exception for possession of a firearm in "his own ... place of business." In two cases, the Georgia courts have held this exception is inapplicable to rental properties because the tenant had the right to possess the property, not the lessor. *See Ely v. State,* 222 Ga.App. 651, 475 S.E.2d 647, 648 (1996); *Reagan v. State,* 16 Ga.App. 369, 85 S.E. 353 (1915). *See also Jones v. State,* 55 Ark. 186, 17 S.W. 719, 719 (1891) ("on his premises" exception did not apply to owner of property where lessee was staying over term since owner did

not have right to control premises prior to forcible detainer action). These cases, however, are arguably distinguishable in that they involved single family residences in which the tenant had the right to control all areas of the premises. Marshall, presumably, was in the common areas of his apartment buildings, areas over which he most likely retained control. *See Trice v. Chicago Housing Authority,* 14 Ill.App.3d 97, 302 N.E.2d 207, 209 (1st Dist.1973). *Cf. Evans v. United Bank of Illinois,* 226 Ill.App.3d 526, 168 Ill.Dec. 533, 537, 589 N.E.2d 933, 937 (2d Dist.1992). At least one court, though, has held that "on his own premises" and "on his own lands" exceptions in a weapons possession statute are limited to private areas, not areas open to the public. See *State v. Perry,* 120 N.C. 580, 26 S.E. 915, 915–16 (1897). The common areas of the apartment are not within the exclusive control of plaintiff, but are open to all the residents.

District of Columbia law provided an exception for conduct on "his ... place of business or on other land possessed by him." In *Roumel v. United States,* 261 A.2d 240, 242 (D.C.App.1970), it was held, with little discussion, that a part owner of an apartment building could be regarded as being on his place of business when in the hallway of the building.

Renting out a single piece of property generally does not constitute the conducting of business. *See Cuneo v. Chicago Title & Trust Co.,* 337 Ill. 589, 169 N.E. 760, 764 (1929). *Cf. Youngblood v. State,* 515 N.E.2d 522, 527 (Ind.1987) (business is "that which occupies the time, attention or labor, of men for the purpose of profit or improvement, as their principal concern" or "a continuous or regular activity for the purpose of earning a livelihood"). Absent extensive and active involvement, rental property is generally considered to be investment property, not business property. A narrow definition of "fixed place of business" would not include rental property as a place of business.

---

1. The briefing of the issues was totally inadequate. The court was required to perform its own research.

■ Also, the statute refers to being "in" a place of business, unlike the "on" his land exception. Plaintiff alleges he was at the rear of his building, not in his building. To the extent a rental building can constitute a place of business under the statute, the exception would be limited to being inside the building. Such a construction would be consistent with the intent to protect the general public from the dangers of firearms. *Cf.* Committee Comments, *supra; People v. West,* 97 Ill.App.3d 275, 52 Ill.Dec. 734, 736, 422 N.E.2d 943, 945 (1st Dist.1981).

■ It is believed that the Illinois courts would hold that an apartment building is not a "place of business" as that term is used in § 24–1. Even if that is an incorrect construction of Illinois law, defendants would be entitled to qualified immunity based on any claim that defendants should have known the fixed place of business exception applied. There was no clearly established law that this exception applies to the owner of a rental building while on common areas outside his building.

■ Still to be considered is whether the "on his land" exception applies. Again, there is little Illinois case law and again plaintiff has cited no case law whatsoever. Like the other exceptions, the "on his land" exception is construed narrowly. It does not include sidewalks nor any public ways or easements such as alleys adjoining the property. See *People v. Carter,* 111 Ill.App.3d 994, 67 Ill.Dec. 604, 444 N.E.2d 840 (4th Dist.1983) (sidewalk of defendant's residence was not his land or abode); *West,* 52 Ill.Dec. at 736, 422 N.E.2d at 945 (possession of firearm on sidewalk violates § 24–1(a)(10) and no exception would apply even if defendant owned or resided in the property). See *also Dunbar v. State,* 162 Ind.App. 375, 319 N.E.2d 630, 632 (1974) (cited in *West, supra.*) In *West,* 52 Ill.Dec. at 736, 422 N.E.2d at 945, the court stated:

> . . . assuming *arguendo* defendant owned some fee interest in the sidewalk involved, in view of the paramount right of the public to traverse that sidewalk without apprehension of or danger from violence which develops from unauthorized carrying of firearms and the policy of the

statute to conserve and maintain public peace on sidewalks and streets within the cities, such ownership interest dissipates and makes the carrier or possessor of a firearm thereon nonetheless subject to the prohibitions and sanctions of the statute.

This indicates that the accessibility of the property to the public should be taken into consideration in determining whether it falls within an exception. *West* favorably cites *Perry,* 26 S.E. at 915–16, which held that North Carolina law providing an exception for firearms possession "on his own premises" or "on his own lands" would not apply to property in which the defendant had a proprietary interest, but was open to the public, not private. *See also Moss v. State,* 65 Ark. 368, 45 S.W. 987 (1898) (cited in *West, supra* ) ("own premises" exception does not apply to public highway that was an easement on land owned by the defendant because the defendant did not have control over the land); Ruby B. Weeks, Annotation, *Scope & Effect of Exception,* in *Statute Forbidding Carrying of Weapons, as to Person on His Own Premises or at His Place of Business,* 57 A.L.R.3d 938, § 4 (1974).

■ Plaintiff claims that he was at the rear of his building and that defendants threw him onto a car. It may be that he was in the alley adjoining his building. If he was in the alley or on any land to which a public easement applied, clearly, the "on his land" exception would not apply. *See Carter, supra; West, supra. See also People v. Marrow,* 210 Mich.App. 455, 534 N.W.2d 153, 156–57 (1995), *aff'd,* 554 N.W.2d 901 (Mich. 1996) (portion of the driveway of defendant's home to which a public easement applied is not "his home" or "other land he possesses"). It's possible, however, that plaintiff was in a parking lot or on land adjacent to the building, but not within an alley or other public easement. Construing the alleged facts in plaintiff's favor, this must be assumed to be true. The only reasonable inference to draw, however, is that plaintiff was in an area with open access to the public easement. It certainly was an area open to the tenants of his building. In light of the purposes of the statute and the narrow construction that has been given to the exceptions, it is believed

that Illinois courts would hold that the exception did not apply. Again, even if this is a misreading of Illinois law, a reasonable police officer could have concluded that the "on his land" exception would not apply at that location and therefore defendants would be qualifiedly immune.

 Defendants contend that plaintiff also could have been arrested for lacking an FOID card. Plaintiff responds that he did possess such a card and his allegation of possession must be assumed to be true. To the extent that plaintiff may be claiming that possession of an FOID card exempts him from the statute's coverage, any such argument is without merit. Having an FOID card does not make lawful firearms possession that is otherwise prohibited by law. 430 ILCS 65/13; *United States v. Erwin,* 723 F.Supp. 1285, 1288 (C.D.Ill.1989), *aff'd,* 902 F.2d 510 (7th Cir.), *cert. denied,* 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990). If the § 24–2(i) exemption is satisfied, however, plaintiff's possession of the weapon would be lawful. To satisfy that exemption, the firearm must have been enclosed in a case or other container and unloaded. Plaintiff is silent as to whether the gun was loaded. In the complaint he alleges it was in a holster, but that allegation is not repeated in his affidavit.

In 1974, the Illinois Attorney General expressed the opinion that "case" as used in the Game Code included holsters. No. S–716, 1974 Ill. Att'y Gen. Op. 104, 104–05 (March 14, 1974). *See* 520 ILCS 5/2.33(n) (formerly Ill.Rev.Stat. ch. 61, ¶ 2.33) ("unloaded and enclosed in a case"). An Attorney General's opinion as to a similar statute, however, does not clearly establish the law and a recent Illinois Appellate Court opinion indicates that a holster does not qualify as a case. *See Bruner,* 285 Ill.App.3d 39, 221 Ill.Dec. 459, 461, 675 N.E.2d 654, 656 (4th Dist.1996). The exemption provides the weapon must be unloaded and in a case, firearm carrying box, shipping box or other container. A holster does not fall within the statutory language. Additionally, *Bruner* was not decided until after plaintiff's arrest and is the first case to clearly establish that the FOID exemption can apply to possession

of an encased firearm, not just the transporting of a firearm from one location to another. *See id.* Even if it would be consistent with plaintiff's allegations to hold that the FOID exemption may apply, the law was not clearly established in 1994 and therefore defendants would be qualifiedly immune.

Plaintiff's federal claims fail because the facts alleged by plaintiff can only support that probable cause existed to arrest plaintiff. Alternatively, qualified immunity protects defendants from liability. Since the federal claims are being dismissed, the supplemental state law malicious prosecution claim will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that defendant's motion to dismiss [9] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff (1) dismissing plaintiff's federal cause of action with prejudice and (2) dismissing plaintiff's state law cause of action without prejudice for lack of jurisdiction.