NO. 4-01-0537

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

BREON P. CAMERON,

Defendant-Appellant.

)

)

)

)

)

)))

Appeal from

Circuit Court of

Champaign County

No. 01CM131

Honorable

Jeffrey B. Ford,

Judge Presiding.

_________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

A jury convicted defendant, Breon P. Cameron, of unlawful use of weapons, a Class A misdemeanor (720 ILCS 5/24-1(a)(4), (b) (West 2000)), for transporting an unloaded semiautomatic pistol in the glove compartment of his vehicle.  Defendant appeals, contending his conviction should be reversed because (1) the trial court erred by refusing his tendered jury instruction regarding the statutory exemption for unloaded weapons enclosed "in a case, firearm carrying box, shipping box, or other container" (container exemption) (720 ILCS 5/24-1(a)(4)(iii) (West 2000)) and (2) his trial counsel was ineffective for failing to request a jury instruction regarding the statutory exemption for weapons "broken down" in a nonfunctioning state (broken-down exemption) (720 ILCS 5/24-1(a)(4)(i) (West 2000)).
  We affirm.

I. BACKGROUND

The following evidence was presented at defendant's May 2001 jury trial.  In January 2001, Urbana police officer Shawn Cook conducted a traffic stop of a vehicle driven by defendant.  Cook arrested defendant after learning he had a suspended driver's license.  Cook searched defendant's car and found in the driver's door accessory compartment an ammunition magazine with six live rounds in it.  Cook also recovered an unloaded .32-caliber semiautomatic pistol in the glove compartment.
  
Cook testified the glove compartment was unlocked and within reach from the driver's seat.  Defendant testified he unlocked the glove compartment after the traffic stop using a key from the ashtray to get his driver's license from his wallet.  Defendant had a valid firearm owner's identification card.

Defense counsel tendered the following jury instruction:

"A person may lawfully transport a firearm in a vehicle if the firearm is unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid [f]irearm [o]wner's [i]dentification [c]ard.  The defendant has the burden of proving by a preponderance of the evidence that at the time of the offense charged the firearm was unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid [f]irearm [o]wner's [i]dentification [c]ard."  

See Illinois Pattern Jury Instructions, Criminal, No. 18.01A (4th ed. 2000).  The trial court refused this instruction, reasoning as follows:

"[W]hen they say a case, that's something that we could pick up and carry it around.  A carrying box assumes that is something you pick up and carry it around.  A shipping box is something that you pick up and carry around.  When they say, or other container, they then mean some sort of container that could be picked up and carried around.  If it is in a glovebox in *** a vehicle, *** I haven't seen too many vehicles someone could pick up and carry around.  You cannot take the glovebox out.  That's part of the car.  It's not removable.  *** [I]f they meant areas built into vehicles, the legislature would have put that in there.  *** [W]hen you read this section, *** all of these are types of cases that can be picked up and carried around.  ***  So there is no evidence that *** the weapon was in that type of container or case."

The jury found defendant guilty of unlawful use of weapons.  In June 2001, defendant filed a motion for judgment notwithstanding the verdict or for a new trial.  The trial court denied defendant's motion and sentenced him to 12 months' conditional discharge.  This appeal followed.

II. ANALYSIS

A. Applicability of Container Exemption

Defendant was convicted of the offense of unlawful use of weapons under section 24-1(a)(4) of the Criminal Code of 1961 (Code) (720 ILCS 5/24-1(a)(4) (West 2000)), which applies when a person knowingly:

"
[c]arries
 or possesses 
in
 
any
 
vehicle
 or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun[,] or taser or other firearm, except that this subsection (a)(4) does not apply to or affect transportation of weapons that meet one of the following conditions:

(i) are broken down in a non-functioning state; or

(ii) are not immediately accessible; or

(iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid [f]irearm [o]wner's [i]dentification [c]ard[.]"  (Emphases added.)

Defendant first argues the trial court erred by refusing a jury instruction relating to the container exemption in section 24-1(a)(4)(iii) of the Code 
(720 ILCS 5/24-1(a)(4)(iii) (West 2000)).
  Defendant asserts he was entitled to this instruction because he transported the unloaded firearm enclosed in his vehicle's glove compartment, which 
defendant contends qualifies as an "other container" under the container exemption
.  We disagree.

Ordinarily, we use an abuse of discretion standard when reviewing a trial court's decision to give a tendered jury instruction.  
People v. Majors
, 308 Ill. App. 3d 1021, 1034, 721 N.E.2d 753, 763 (1999).  However, to the extent our analysis involves an issue of statutory interpretation, our review is 
de
 
novo
.  
People v. Rivera
, 198 Ill. 2d 364, 368, 763 N.E.2d 306, 308 (2001).

In regard to the specific statute at issue, the courts have found the legislature did not intend the statutory exemptions should be given a broad interpretation, and thus, they must be strictly construed.  
People v. Bruner
, 285 Ill. App. 3d 39, 42, 675 N.E.2d 654, 655 (1996).  Under the doctrine of 
ejusdem
 
generis
, when a statutory clause specifically describes several classes of things and then includes "other things," the word "other" is interpreted as meaning "other such like."  
People v. Davis
, 199 Ill. 2d 130, 138, 766 N.E.2d 641, 645 (2002).

Applying the doctrine of 
ejusdem
 
generis
 and strictly construing the container exemption, we determine a vehicle's glove compartment is not an "other container" under the container exemption.  A glove compartment is fundamentally different from a case, firearm carrying box, or shipping box because those receptacles are portable whereas a glove compartment is a fixed area in the dashboard of a vehicle.  Therefore, a glove compartment is not an "other container" similar to the ones enumerated in the container exemption.

A defendant is entitled to have the jury instructed on the law applicable to the theory of his case, provided evidence in the record supports that theory.  
People v. Williams
, 193 Ill. 2d 306, 375, 739 N.E.2d 455, 491 (2000).  However, defendant was not entitled to have the jury instructed on the container exemption because no evidence in the record suggests defendant's firearm was so enclosed.  Therefore, the trial court did not abuse its discretion in refusing defendant's jury instruction.

B. Applicability of Broken-Down Exemption

Defendant next contends his 
trial counsel was ineffective for failing to request a jury instruction regarding the exemption for weapons broken down in a nonfunctioning state (720 ILCS 5/24-1(a)(4)(i) (West 2000)).

We need not address this contention because no evidence or argument concerning this exemption was presented to the trial court.  The adjudication of a claim of ineffective assistance of counsel is often better made in the context of a petition for postconviction relief where a complete record can be made.  
People v. Kunze
, 193 Ill. App. 3d 708, 726, 550 N.E.2d 284, 296 (1990).

The nature and operation of defendant's pistol were not addressed at trial.  We do not have the benefit of trial counsel's or the trial court's discussion of what "broken down" might mean.  We do not know why defendant's trial counsel did not raise this exemption.  We could speculate and reach a conclusion, but we will not do so.  We decline to address defendant's second contention.

III. CONCLUSION

For the reasons stated, we affirm the trial court’s judgment.

Affirmed.

TURNER, J., concurs.

STEIGMANN, J., specially concurs.

JUSTICE STEIGMANN, specially concurring:

The legislature has provided in section 24-1(a)(4) of the Code that it is unlawful for a person to carry or possess a pistol in any vehicle, except under certain conditions.  720 ILCS 5/24-1(a)(4) (West 2000).  Because defendant has not challenged the authority of the legislature to so provide, this court's only role in this case is to conscientiously carry out the legislature's intention to the best of our ability.  As we do so, we are constrained by the deference due to the policy-making body of the State of Illinois--namely, the General Assembly.  The Supreme Court of Illinois recently discussed this deference, as follows: 

"'"The only legitimate function of the courts is to declare and enforce the law as enacted by the legislature, to interpret the language used by the legislature where it requires interpretation, and not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations, or conditions which depart from its plain meaning."'"  
People ex rel. Department of Professional Regulation v. Manos
, 202 Ill. 2d 563, 568-69, ___ N.E.2d ___, ___ (2002), quoting 
Bronson v. Washington National Insurance Co.
, 59 Ill. App. 2d 253, 261-62, 207 N.E.2d 172, 176 (1965), quoting 
Belfield v. Coop
, 8 Ill. 2d 293, 307, 134 N.E.2d 249, 256 (1956).

With the foregoing limitation in mind, I agree with the majority that the legislature, when it set forth the following exemptions to the general prohibition on carrying a pistol in a vehicle--that is, when an unloaded pistol is "enclosed in a case, firearm carrying box, shipping box, or other container"--did not intend to include a vehicle's glove compartment.  720 ILCS 5/24-1(a)(4)(iii) (West 2000).  To hold otherwise would be to distort the clear meaning of that legislative exemption.